## MARY A. CHAPIN v. ANDREW PERRIN.

*No appeal lies from a consent order.*

Appeals bring up some action of the lower court which is complained of
as erroneous. · A consent order, therefore, cannot be appealed from,
even where it is itself a stipulation for removing the case without
costs in order to settle a question of jurisdiction.

Appeal from St. Joseph. Submitted April 15. Decided
April 27.

BILL for accounting for trust funds. Complainant appeals.
Case dismissed.

*H. P. Stewart* and *Alfred Akey* for complainant.

*H. H. Riley* and *O. J. Fast* for defendant.

COOLEY, J. This is an appeal in chancery. From the
record it appears that the appeal is taken from a decree
entered in pursuance of the following stipulation which is
signed by the solicitors: "It is hereby stipulated and agreed
by and between the solicitors in above entitled cause: 1st.
That as the jurisdiction of this court is in doubt, and for the
purpose of settling said jurisdiction in the Supreme Court,
the demurrer of defendant Andrew Perrin to the bill of
complaint may be sustained by the court, and the bill dis-
missed without prejudice and without costs of any kind to
either party; and said complainant agrees to appeal said suit
for the purpose above set forth, and upon the conditions
hereinafter stated. 2d. That in appealing said suit to the
Supreme Court, each party agrees to pay their own costs,
and that no costs will be taxed by either party for any costs
made by him by reason of said appeal. 3d. It is agreed that
this stipulation may be filed with the court in lieu of the
appeal bond required by the statute in chancery appeals, and
to operate and have the same effect as such bond."

Appeals bring up for review some action of the court below which is complained of as erroneous. In this case there has been no such action. The chancery court has performed no judicial act whatever, except what is implied in permitting a consent order to be entered. But neither party can complain of a consent order, for the error in it, if there is any, is their own, and not the error of the court. It follows that there is nothing to appeal from, and the case must be dismissed and the record remanded.

The other Justices concurred.