JOHN G. OWEN v. AMANDA C. YALE.

*Consent decree—Husband and wife—Agreement in contemplation of decree for divorce—Dower.*

1. A consent decree cannot be appealed from.

So *held*, where a wife filed a bill under How. Stat. § 6291, for maintenance, charging desertion, but not for the statutory period, and the husband's failure to suitably provide for and maintain her, but not in such a manner as to lay a foundation for a divorce under the general laws, to which bill an answer was filed fully meeting all of its allegations, and on the hearing the judge announced that a divorce would be granted; whereupon a decree was agreed upon, granting a divorce for desertion and a perma. nent alimony, which was paid by the husband.

2. A *consent* decree, made after the announcement by the court that a divorce would be granted, providing for such divorce and for the payment of a gross sum as alimony, "the same to be in full of all claims of the complainant against the defendant or his property," which payment has been made according to the terms of the decree, is a bar to any claim by the wife to dower.

3. An agreement by husband and wife, made in contemplation of a judicial separation, by which provision is made by the husband and agreed on by the wife to stand in lieu of dower and all other claims of the wife on her husband's estate, and which by mutual consent is made a part of a decree for divorce, is valid, and estops both parties to it. *Randall v. Randall*, 37 Mich. 563

4. Evidence is admissible to show the assent of a party to and understanding of a *consent* decree, not to vary the decree, but to show that it was not entered without his knowledge and approval.

Appeal from Huron. (Beach, J.) Argued April 24, 1889. Decided June 14, 1889.

Bill to quiet title. Defendant appeals from decree grant-

ing relief prayed for. Affirmed. The facts are stated in the opinion.

*Winsor & Snover* (*Hatch & Cooley*, of counsel), for complainant.

*J. W. Bennett* (*Martin Crocker* and *T. M. Crocker*, of counsel), for defendant.

CAMPBELL, J. Complainant, as owner and grantee of lands formerly owned by Francis Crawford, now deceased, filed this bill to quiet his title against the claim of dower of defendant, once his wife, who, as he claimed, had relinquished her dower by a voluntary arrangement during her former husband's life-time. The court below decreed to complainant the relief prayed, and defendant appeals.

.In 1878, on January 22, defendant, proceeding under the act found in section 6291, How. Stat.,[1] filed a bill in the circuit court for the county of Washtenaw against Crawford, then her husband, for maintenance. The bill relied on what it charged as desertion, and also a failure to suitably provide for and maintain her. It did not set out such a period of desertion as would be ground for a divorce by itself, and it did not contain such charges of "grossly or wantonly and cruelly" failing to provide for her as to be a foundation for divorce under the general laws. It also set out that Mr. Crawford had filed a bill for divorce against her, and had discontinued it without her consent.

Mr. Crawford put in an answer, fully meeting all the allegations, and setting up counter-grievances. The case went to a hearing, but the record put in proof does not show what the proofs were. But it shows a consent decree upon a stipulation confirmed by the court, from which this appears:

On the hearing the judge announced that he would grant

---

[1] For important changes in this section see Act No. 90, Laws of 1887.

a divorce, and suggested that the parties agree on the alimony to be granted the complainant, and its manner of payment. Thereupon a decree was agreed upon which, in the first place, granted a divorce for desertion, with leave to both parties to remarry, and then granted a gross sum of $20,000, alimony, "the same to be in full of all claims of said complainant against said defendant or his property," and payable $10,000 at or before the filing of the decree, and the remaining $10,000, with annual interest, at or before the husband's death, at his option, to be secured by mortgage as set forth, and on the lands therein described. The evidence showed that Mrs. Crawford expressly authorized her counsel to enter this decree, and understood its effect. It was, therefore, a consent decree in the full sense of the term, and within the power of her counsel to agree upon. The money was paid to and received by her, and the mortgage accepted and disposed of by her.

It is certainly open to some question whether Mrs. Crawford could have procured a divorce on her bill as it stood. But, according to all the authorities, a consent decree cannot be appealed from, and the decree was not absolutely void, whether erroneous or not. Before it became complete the money payment was to be made. After it was made she acted further upon it, and married another person, which would have been an adulterous marriage if this decree should not stand.

The decree was part of a contract whereby, while the parties were yet married, but in contemplation of a judicial separation, a provision was made by the husband and agreed on by the wife to stand in lieu of dower and all other claims of the wife on her husband's estate. Under the statute in pursuance of which the bill was filed the court could make no provision for the wife except for their joint lives, and it was always liable to change. Section 6293. This provision was absolute, and half was payable after that period. It stands

on the footing of a mutual agreement, which by consent is made matter of record, which estopped both parties to it.

That such an agreement, made under such circumstances, is valid, was decided in *Randall v. Randall*, 37 Mich. 563, and we need not look further. There is much more doubt whether, after a divorce obtained on such a record, she would have been entitled to dower at all. But this is now unimportant. The decree is not, in our opinion, at all ambiguous. It was designed to leave Mrs. Crawford no further claim on her husband's property. Dower was the only claim she could possibly have had after divorce, if she had even that, and the decree meant that or it had no meaning. It was a contract which would have been lawful if not embodied in a decree; and, as stated in *Randall v. Randall*, it was not against public policy. It would certainly not be pleasant or conducive to peace and harmony to have one man's wife setting up a claim of dower in another living man's property; and a contract preventing such a result for a pecuniary consideration is not one of evil tendency.

We think the decree speaks for itself. But we think also that it was not improper to show defendant's previous assent and understanding of it as not entered without her knowledge and approval. We do not regard it as varying the decree in any way, and it could not be received for any such purpose.

The decree must be affirmed, with costs.

The other Justices concurred.