WEBER *v.* COSTIGAN.

1. APPEAL AND ERROR — DECISIONS REVIEWABLE — CONSENT DECREES.

    An appeal does not lie from a decree or order of the circuit court in chancery to procure a review of provisions contained in such order or decree which were assented to by the appealing party.

2. SAME—TRANSFER OF JURISDICTION—SUPERSEDEAS BOND— MODIFICATION OF ORDER APPEALED FROM.

    An appeal without supersedeas bond does not deprive the circuit court in chancery of jurisdiction to enter an order nunc pro tunc modifying the order appealed from so as to show that it was entered by consent of the parties in open court. Act No. 243, Pub. Acts 1899.

3. SAME—CERTIFICATE.

    An order of the circuit judge in a chancery case, modifying the order appealed from so as to show that it was entered by consent of the parties, amounts to a certificate of the fact that the order appealed from was a consent order.

Appeal from Wayne; Brooke, J. Submitted January 18, 1905. (Docket No. 66.) Decided February 27, 1905.

Bill by Joseph F. Weber against Theresa L. Costigan and others for the foreclosure of a mortgage. From an order confirming commissioner's sale, defendant Costigan appeals. Affirmed.

*Jasper C. Gates*, for complainant.

*George W. Bates*, for appellant.

MONTGOMERY, J. This is an appeal taken from an order confirming a sale under a chancery decree. The order appealed from was entered April 11, 1904. The notice of appeal was filed on the 18th of May, 1904. On the 19th of May a motion was entered to amend the order of

April 11th, and enter the same as of May 4, 1904, and incorporate therein a statement that the order was entered by consent of the solicitors of record of both parties, given in open court. This motion was supported by the affidavit of complainant's solicitor showing that such consent to said order was given. The statements contained in this affidavit are not controverted. The return to the appeal was made to this court on the 6th day of June, 1904. On the 11th day of June the motion to amend the order of April 11th so as to show that the same was entered upon consent of parties in open court was granted.

It is clear that an appeal does not lie from a decree or order of the circuit court in chancery to procure a review of provisions contained in such order or decree which were assented to by the appealing party. *Chapin* v. *Perrin*, 46 Mich. 130.

It is contended, however, that, as the appeal was taken before the order nunc pro tunc was entered, the cause was so far removed from the circuit court in chancery that no valid order could be made therein. Under the statute as it now reads, an appeal from a chancery decree does not operate as a supersedeas unless a bond be filed. Act No. 243, Pub. Acts 1899; *Harmon* v. *Metcalfe*, 134 Mich. 643. The circuit court in chancery may therefore enforce its decree, and no good and adequate reason is suggested why the court may not, at least as a preliminary to the enforcement of the decree, amend the same to conform to the fact. This has been done in proceedings at law in numerous instances. *Tillotson* v. *Cheetham*, 3 Johns. (N. Y.) 95; *Rew* v. *Barker*, 2 Cow. (N. Y.) 408, and cases cited. In case such an amendment occurs after the case has been removed by writ of error, it is true, it may be necessary to have a new return, but this is not uncommon. This court has in several unreported cases remanded records for the purpose of permitting amendments. In the present case by a further return of the register the proceedings by which the amendment was allowed are before us. Upon a showing such as is contained in the affidavit of the com-

plainant's solicitor, it cannot be doubted that the court would, even had a supersedeas bond been filed, have remanded the record to permit the amendment. There is no occasion to do so in this case, for the control of the court below was not suspended, and furthermore the order of the circuit judge would, at the least, amount to a certificate to the fact that the order appealed from was a consent order.

The decree is affirmed.

McALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.