CAMERON *v.* SMITH.

APPEAL AND ERROR—QUESTIONS REVIEWABLE—JUDGMENT BY CONSENT.

An appeal will not be considered, in a suit for specific performance which was not contested, defendant consenting to a decree if the court would adjudge to her a clear title, and raising no serious objection to it on appeal.

Appeal from Newaygo; Perkins, J., presiding. Submitted June 16, 1911. (Docket No. 75.) Decided July 22, 1912.

Bill by Hiram Cameron against Susie Smith for specific performance of a land contract. From a decree for complainant, defendant appeals. Appeal dismissed.

*A. G. Day,* for complainant.
*Smedley, Hall & Gillard,* for defendant.

BIRD, J. The complainant is a deaf mute now nearly 50 years of age and unmarried. He and defendant are brother and sister. For some time she was his guardian. Out of the enforced termination of those relations grew several lawsuits, one of which resulted in a judgment for defendant of $1,345. Complainant's personal property was sold on execution sale, which reduced the judgment

to $900. Levy was then made upon his life interest in a farm upon which he lived. They still had litigation pending in both probate and circuit courts. At this stage of affairs they agreed that they had litigated enough, and proceeded to adjust all their matters of difference by an agreement, which provided that defendant should pay the complainant $2,000 and cancel her judgment of $900 in consideration of his conveying to her his interest in the farm. In order to carry out the agreement, defendant was obliged to raise by mortgage on the premises so purchased the sum of $2,000. When the prospective mortgagee examined the title he found that the farm came to complainant from his grandmother by the following devise:

"To Hiram Cameron, my grandson, all that part of the south east quarter of section 7 in the township of Garfield, Newaygo county, Michigan, lying south of State road during the term of his natural life and after his death to be divided equally between his heirs, share and share alike."

He was unwilling to make the loan lest the complainant should marry and leave issue surviving him. Defendant was unable for this reason to carry out the agreement. Complainant then filed this bill to compel specific performance of the contract, praying that the court would, by its decree, "cut off the entail created by said will of Christina Butler and convey to said Susie Smith a free and indefeasible estate in said premises in fee simple." The defendant filed an answer admitting all of the material allegations of the bill.

At the hearing, complainant's solicitor was sworn and testified to the situation of affairs. The defendant's counsel offered no opposition further than to state that his client was willing to carry out the agreement if the court would grant the prayer of the bill and decree her a title in fee simple. Defendant also reserved the right to take the opinion of this court in the premises. A decree was made by the trial court in accordance with the prayer of the bill, and this court is now asked to review it.

We are of the opinion that defendant so far consented to the decree in the trial court that she ought not to be permitted to have it reviewed in this court. She made no contest in the trial court. The decree was made in accordance with the wishes and consent of both parties. And, indeed, no claim is made by appellant in this court that the decree is wrong in any respect; no complaint is made of any ruling or conclusion of the trial court; counsel merely suggests some doubt as to power of the court to cut off the contingent remainder. Under the practice of this court, we shall decline to consider the appeal. *Chapin* v. *Perrin*, 46 Mich. 130 (8 N. W. 721); *Owen* v. *Yale*, 75 Mich. 256 (42 N. W. 817); *Brick* v. *Brick*, 65 Mich. 230 (31 N. W. 907, 33 N. W. 761); *Weber* v. *Costigan*, 139 Mich. 146 (102 N. W. 666).

The appeal will be dismissed. No costs will be allowed either party in this court.

BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred.