HART *v.* STATE FIRE MARSHAL.

APPEAL AND ERROR—CONSENT ORDER—JUDGMENT.

>An order reversing the determination of the State fire marshal condemning a house and barn and requiring them to be demolished, on appeal to the circuit court, is not reviewable on certiorari where the appellant requested that the court enter the order not on the merits but on the unconstitutionality of the law. Act No. 213, Pub. Acts 1913.

Certiorari to Manistee; Withey, J., presiding. Submitted January 29, 1914. (Docket No. 147.) Decided March 26, 1914.

George Hart and others presented their petition to the circuit court for the county of Manistee appealing from an order of the State fire marshal in and by which petitioners were required to demolish certain buildings. From an order annulling or reversing the finding and determination of the State fire marshal, he brings certiorari. Dismissed.

*Grant Fellows,* Attorney General, and *Samuel D. Pepper,* Assistant Attorney General, for appellant.

*Charles N. Belcher (Dovel & Dovel,* of counsel), for appellees.

BIRD, J. Proceedings were instituted under Act No. 79 of the Public Acts of 1911, as amended by Act No. 213 of the Public Acts of 1913, by one of the deputy fire marshals to condemn a certain house and barn situate in the city of Manistee. As a result of the proceedings the State fire marshal made two orders, one relating to the house, and one to the barn, ordering their demolition. These orders were served

178 MICH.—39.

on the owners, and they filed an appeal in each case in the circuit court. When the cases came on for hearing in the circuit court, the one relating to the barn was first called. Proofs were introduced, and, at the conclusion thereof, the trial court made the following order therein:

"I reverse this order. I reverse it first because I believe the law is void, as attempting to do something that is unconstitutional, in violation of all the principles of our Constitution and the protection of private property. But I reverse it second because I believe it is not well founded on the facts."

From this order there has been no appeal. Following this case, the one relating to the house was taken up, and the following proceedings were had:

"*Mr. Pepper:* The next case, if your honor please, is somewhat similar to this case, and we do not care to go into the merits of the case, owing to the position that your honor takes with respect to the constitutionality of the law.

"*The Court:* Well, I don't think there is any policy in it, because I would not enforce that law as it stands. In the first place, I cannot tell what it means in some of its salient features.

"*Mr. Pepper:* If your honor please, without going into the facts of the case, a formal order may be made dismissing the case.

"*The Court:* Well, whoever is interested in it may take an order reversing the order of the State fire marshal.

"*Mr. Pepper:* The order based not on the facts, but on the constitutionality of the law.

"*The Court:* Well I will put it that way in that case, so that it may be tested, if there is any way to test it. I don't know whether you have any appeal or not. It don't provide for it. But, in order that you may try and get an appeal, you may so frame that order in regard to the house, and I will base it on the unconstitutionality of the act entirely, and not on the merits of the case."

While it cannot be said that this was not a real con-

troversy in the circuit court, we think it can be said that it is not a real controversy in this court. Had the case been heard and determined upon its merits in the trial court, this court would then have had appellate jurisdiction to review such final order for errors of law. But the merits of the case were neither heard nor passed upon by the trial court. Until that is done, and a final order made affecting some personal or property right, there is nothing for this court to review. If we should now take jurisdiction of the case, with the record in its present state, it would be tantamount to taking original jurisdiction of the matter, and that we are not empowered to do   That jurisdiction is one which must be exercised by the circuit court (Act No. 213, § 8, Pub. Acts 1913). The most that can be said of the order made is that it is a consent order. To avoid an order of dismissal, the appellant requested the court to make the order which was made. It having been made at his suggestion, he is not in a position to complain of it. *Chapin* v. *Perrin,* 46 Mich. 130 (8 N. W. 721) ; *Brick* v. *Brick,* 65 Mich. 230 (31 N. W. 907, 33 N. W. 761) ; *Owen* v *Yale,* 75 Mich. 256 (42 N. W. 817) ; *Weber* v. *Costigan,* 139 Mich. 146 (102 N. W. 666) ; *Cameron* v. *Smith,* 171 Mich. 333 (137 N. W. 265).

The writ of certiorari must be dismissed, but without costs.

McAlvay, C. J., and Brooke, Kuhn, Stone, Ostrander, Moore, and Steere, JJ., concurred.