MONTGOMERY *v.* MONTGOMERY.

1. DIVORCE—AGREEMENT FOR APPRAISAL OF PROPERTY DOES NOT PRECLUDE APPEAL FROM AWARD.

In a suit for divorce, an agreement by the wife in open court for an appraisal of the property to be made and reported into court and that the court decree such

On the effect of divorce on community property, see notes 30 L. R. A. 333; 10 L. R. A. (N. S.) 643; L. R. A. 1915C, 396.

division of the property as to him seemed just and equitable did not preclude her from appealing from the award made as inequitable.

2. SAME—DIVISION OF REAL ESTATE HELD BY THE ENTIRETIES NOT REQUIRED TO BE EQUAL.

In granting a decree of divorce and making a division of the property, the court is not required to divide the real estate held by the entireties equally between the parties, but under 3 Comp. Laws 1915, §§ 11416, 11437, 11438, he may make such division "as he shall deem equitable and just."

3. SAME—DIVORCED PARTIES TENANTS IN COMMON OF UNDIVIDED REAL ESTATE HELD BY ENTIRETIES.

Where the court, in granting a divorce, makes no division of the property, under 3 Comp. Laws 1915, § 11437, the parties become tenants in common of the real estate held by the entireties.

4. SAME—DIVISION OF PROPERTY NOT INEQUITABLE.

Where the property was appraised at $26,525, and the wife was awarded $11,750 and the husband $15,775, but the husband was required to also pay the wife $50 a month for 6 years and to pay certain costs and charges, it cannot be said that the division was inequitable, in view of the fact that the pleadings seem to indicate that the property was acquired through the husband's earnings.

Appeal from Kent; McDonald (John S.), J. Submitted October 25, 1922. (Docket No. 118.) Decided December 5. 1922.

Bill by Edith Montgomery against James R. Montgomery for a divorce. From the decree respecting alimony, plaintiff appeals. Affirmed.

*H. Monroe Dunham,* for plaintiff.

*Jewell & Raymond,* for defendant.

CLARK, J. The cause went to hearing upon plaintiff's amended bill for divorce and defendant's answer and cross-bill. A property settlement was agreed

upon in court.     Proofs were taken in behalf of plaintiff and the cause adjourned to consummate the property settlement and to settle a decree.     Later plaintiff appeared in court with her attorney and stated that she was dissatisfied with the property settlement. Thereupon it was agreed in open court by the parties and counsel that an appraisal of the property be made by experts to be selected by the parties and that such appraisal be reported into court and that the court decree such division of the property as to him seemed just and equitable.     The appraisal was made accordingly.     From the decree entered plaintiff has appealed.     Her complaint is of the award.

Defendant contends that the decree was by consent and that therefore there can be no appeal, citing *Chapin* v. *Perrin,* 46 Mich. 130; *Brick* v. *Brick,* 65 Mich. 230; *Owen* v. *Yale,* 75 Mich. 256; *Cameron* v. *Smith,* 171 Mich. 333.     This case is distinguishable. Plaintiff consented that the appraisal should stand as the evidence of value of the property and that the case should then be treated as submitted.     She was not thereby precluded from raising the question she here presents, that the award is inequitable.

The appraisal of the real estate which consisted of a home and other property in Grand Rapids and lots in California was the sum of $26,525.     The personal property, being household furniture, was of the value of $1,000.     The decree awarded to plaintiff the home and other real estate all of the value of $10,750 and the household furniture appraised at $1,000, a total of $11,750, and it required defendant to pay plaintiff $50 per month for a period of six years, and to pay $100 appraisers' fees and an attorney's fee of $100. The remaining real estate was awarded to defendant. The real estate was held by the entireties.     The court was not required to divide the real estate held by the entireties equally between the parties.     He might

221—Mich.—3.

make such division between them "as he shall deem equitable and just." 3 Comp. Laws 1915, §§ 11416, 11437, 11438; *Allen* v. *Allen,* 196 Mich. 292.

Had the court, in granting the divorce, made no division of the property, the parties would have become tenants in common of the real estate. Section 11437, *supra.*

But the court gave to plaintiff property of the value of $11,750, to defendant property of the value of $15,775, and required defendant to make the monthly payments to plaintiff as stated and to pay certain costs and charges. Whether such provisions are equitable must be determined upon the record. But the only evidence in the case respecting the property is the appraisal. The testimony relates solely to plaintiff's claimed cause for divorce. It is apparent that counsel at the hearing did not contemplate an appeal, nor the making of a record for appeal. The pleadings seem to indicate that defendant is a physician and that, although plaintiff did usual household duties and collected rents, the property was acquired through defendant's earnings. There is no proof of his income and the various allegations of it are denied. She is about 50 years of age, he about 64. They were married in 1893 and have no children. Both parties charged extreme and repeated cruelty. The trial judge had the parties before him. Doubtless, too, he had from statements of counsel knowledge of facts not disclosed by this record. We cannot say, upon the record, that the award is inequitable.

The decree is affirmed, without costs.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. MCDONALD, J., did not sit.