CAMPAU *v.* LOCKWOOD.

Appeal and Error—Waiver—Dismissal.

Where money involved in the litigation was paid into court, and, notwithstanding defendant's counsel had secured an order staying execution pending his appeal, the clerk, in pursuance of an order of the court, and before expiration of the stay, paid to plaintiff's counsel the amount awarded by the decree, such action would not deprive defendant of the right to appeal; but defendant's counsel, by accepting for his client the balance of the money, waived his right to complain of the decree, and his appeal is therefore dismissed.

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 4, 1923. (Docket No. 35.) Decided March 22, 1923. Rehearing denied June 21, 1923.

Bill by Daniel J. Campau against Charles C. Lockwood to correct a mistake in certain land contracts. From a decree for plaintiff, defendant appeals. Appeal dismissed.

*Thomas A. E. Weadock,* for plaintiff.

*Roy Herald,* for defendant.

Bird, J. In 1916 defendant purchased from plaintiff on contract certain lots in the city of Detroit. The consideration therefor was to be made in monthly payments, and all to be paid at the end of five years. Payments were made from time to time by defendant until May, 1920. Defendant had lost his copy of one of the contracts and claimed he did not know just what had been paid. He secured purchasers for the lots and went to see plaintiff to find what sum he would accept in full payment of the contracts. He

was advised that plaintiff would accept $6,850 in full settlement. This sum was paid and the lots were deeded to defendant and by him to the purchasers. Subsequently plaintiff discovered that an error had been made, that the amount to become due on the contracts had been overlooked and he filed this bill to have the mistake corrected. The bill prayed for a lien on the lots in the sum of $1,885.24. Defendant and certain of the purchasers were made parties. Subsequently, by agreement, the purchasers came in and paid the amount of their mortgages into court, and the suit was dismissed as against them. Later the matter came to a hearing and a decree was made for plaintiff, decreeing to him the amount of the deficiency. From this decree the defendant appeals.

The point is made in plaintiff's brief that two or three days following the signing and filing of the decree the clerk of the court in pursuance of an order of court apportioning the amount paid over to plaintiff the amount of this decree, or the sum of $1,885.24, and on the same day the balance of the money, $294.24, was paid over to the solicitor for the defendant. Plaintiff's counsel asserts that by reason of these facts the case is a moot one and ought not to be considered by this court.

Defendant replies that the decree was signed on May 11, 1922, and that on the day following a 20-day order was taken by him to stay execution. He insists that in view of this order plaintiff's attorney had no right to the money.

We agree with counsel for defendant that in view of the 20-day order plaintiff's counsel had no right to the amount of the decree, and it should not have been paid to him, but the difficulty with counsel's position is that he accepted the balance of the fund on behalf of his client. The fact that plaintiff's counsel received the amount of the decree before he was

entitled to it would not deprive defendant of the right to make his appeal. But when defendant's counsel accepted the balance of the money, that was clearly a waiver of any right to complain of the decree. *Bigelow* v. *Sheehan,* 150 Mich. 507. See, also, *Chapin* v. *Perrin,* 46 Mich. 130; *Brick* v. *Brick,* 65 Mich. 230; *Owen* v. *Yale,* 75 Mich. 256; *Weber* v. *Costigan,* 139 Mich. 146; *Cameron* v. *Smith,* 171 Mich. 333; *Hart* v. *State Fire Marshal,* 178 Mich. 609.

Defendant's appeal will be dismissed. No costs will be granted either party.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.