CAMPBELL v. ROSE STREET IMPROVEMENT CO.

1. JUDGMENT — CONSENT DECREE — JUDICIAL SALES — COURT HAS JURISDICTION TO ENTER SUPPLEMENTAL DECREE.

Where, in a suit by stockholders of a corporation for the sale of land belonging to it, all parties consented that a decree might be entered providing for a public sale

"as the court may direct," and a decree was accordingly made for a sale on a certain date, but no action was taken thereunder, and it therefore became necessary to fix a new date for the sale in order to carry out the terms of the original decree, the court had the right to make an order for that purpose without the consent of either of the parties.

2. APPEAL AND ERROR—ORDER FIXING NEW DATE FOR SALE OF LAND NOT APPEALABLE.

An order fixing a new date for the sale of land made necessary by the fact that no sale was had on the date fixed in the decree made by consent of the parties, *held,* not appealable.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted June 8, 1923. (Docket No. 127.) Decided July 19, 1923.

Bill by Robert L. Campbell, administrator of the estate of George A. Clark, deceased, and others against the Rose Street Improvement Company and another to set aside a lease, for an accounting, and the sale of certain lands. From the decree rendered, plaintiffs appeal. Affirmed.

*Alfred S. Frost* and *Robert L. Campbell,* for plaintiffs.

*Fred A. Mills* and *Harry C. Howard,* for defendants.

McDONALD, J.    This is an appeal from a decree of the circuit court of Kalamazoo county providing for the sale of certain lands.    The Rose Street Improvement Company is a Michigan corporation, and was organized in 1893 for the purpose of acquiring, holding, leasing and selling real estate, and for the erection of public buildings thereon.    In January, 1916, the only property owned by the company was two parcels of vacant land in the city of Kalamazoo.    It had no

income and was indebted to the bank and for unpaid taxes, amounting in all to $685.16. The defendant George Steers was president of the company and one of the directors. An agreement was made with him for a lease of the land for a period of ten years. He was to pay all indebtedness, keep up the taxes, to have the privilege of erecting buildings on the property and of purchasing it on certain terms and conditions, and, if not purchased by him or sold by the corporation, the buildings were to become the property of the corporation at the expiration of the term. On the 9th of November, 1921, this bill was filed in which it is alleged that George Steers, after taking possession of the property, conducted the business without any regard to the rights of the stockholders, that he had received large revenues from the property and had made no accounting to the corporation or its stockholders, that the lease should be set aside on the ground that it was void and unauthorized, that a receiver should be appointed, an accounting had, the rights of the parties determined, that the property be sold and the proceeds distributed among the stockholders, as their interests might appear. In their answer the defendants denied that the plaintiffs were entitled to an accounting, or to have their rights determined until the expiration of the term of the lease or agreement. In due time the cause came on for hearing, and after the taking of some testimony it was indicated by the court that he would not permit the taking of further testimony as to the accounting, until it was first determined that an accounting should be had. The record discloses considerable discussion between counsel for the respective parties and the court. The court was of the opinion that the plaintiffs were not entitled to an accounting, and suggested that the case involved a business proposition which the parties should settle among themselves.

Having failed to do this, the matter again came before the court. It seemed to be the judgment of all the parties that the property should be sold, and an agreement was reached in open court that a decree might be entered providing for a public sale by the circuit court commissioner of Kalamazoo county. In the meantime, all of the stockholders had been made parties and all consented to the sale. A decree was accordingly made directing a sale on the 14th day of September, 1922. No sale, however, was made at that time and, on the 15th of September, a petition signed by the defendants and other stockholders was filed, asking the court to fix another date for the sale. To this petition the plaintiffs filed objections which the court overruled and entered a decree extending the time of sale to the 14th day of November, 1922. From this decree the plaintiffs have appealed.

The questions here involved are whether the decree appealed from is a consent decree; if not a consent decree, Did the court have a right to make it without the consent of the parties? In their bill of complaint the plaintiffs asked "that the property of the Rose Street Improvement Company should be sold as the court may direct." The defendant denied their right to a sale until after the term of his agreement should expire in January, 1926. When the matter of the sale came up for discussion before the court, the defendant consented that a sale might be made at any time, and the only disagreement between the parties was whether it should be public or private. It was finally agreed that it should be a public sale and made by the circuit court commissioner. The time when it should be made was not agreed upon. Mr. Wattles, representing some of the plaintiffs, said: "I will consent that the property may be sold as the court may direct." The decree of July 14, 1922, directed that it should be made on the 14th of September. As

the plaintiffs had been the moving parties in the matter of the sale, it was apparently left with them to arrange with the commissioner, but they had changed their minds and did not desire a sale, so the 14th of September elapsed without any action. On petition of the defendants the court thereupon made a second decree providing for a carrying out of the terms of the first by setting a new date for the sale. This decree was dated on the 26th of September, 1922, and directed the sale to be made on the 14th of November, 1922. In the consideration of this question these two decrees cannot be very well divorced. The first decree was not set aside by the second. The second is merely a supplementary order for the enforcement of the original decree. The date of sale fixed in the first decree had elapsed without any action. The only purpose of another decree was to fix a time for the carrying out of what the parties had agreed to. In the second decree the property to be sold is not described, but refers to the description in the first decree, and declares, "That the provisions of said decree heretofore entered in said cause on the 14th day of July, 1922, shall be carried out in all other respects in accordance with the terms of said decree." Having the consent of all the parties to the first decree, and it having been left to the court to make the sale, "as he may direct," and it having become necessary to fix a new date for the sale in order to carry out the terms of the original decree, the court had the right to make an order for that purpose without the consent of either of the parties.

In this view of the case the decree complained of must be held to have been made by the consent of the parties, but regardless of consent, the court had jurisdiction to make it. In either event, it is not appealable. There is nothing here for review. See *Chapin* v. *Perrin,* 46 Mich. 130; *Brick* v. *Brick,* 65 Mich. 230;

*Owen* v. *Yale,* 75 Mich. 356; *Weber* v. *Costigan,* 139 Mich. 146; *Cameron* v. *Smith,* 171 Mich. 333; *Hart* v. *State Fire Marshal,* 178 Mich. 609.

The decree is affirmed, with costs to the defendants.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.