## SAUER *v*. RHOADES.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—OPINION TESTIMONY
   —COMPETENCY OF WITNESSES.

   Objection to competency of witnesses who gave opinion testimony
   comes too late, where first made on defendant's appeal from
   consent judgment for plaintiff.

2. SAME—QUESTIONS REVIEWABLE—CONSTRUCTION OF AGREEMENT.

   Defendant's claim on appeal that trial court erroneously failed
   to construe sales agreement relative to tavern and restaurant
   business in his favor because it had been drafted by plaintiff's
   attorney, *held,* without merit, where it does not appear that
   the trial court was called upon to construe the agreement or
   that a judgment for plaintiff must depend on a construction
   thereof contrary to any claimed by defendant.

3. FRAUD—PLEADING.

   Issue as to whether agreement relative to lease of tavern and res-
   taurant business had been induced by fraud was not before the
   trial court for determination, where defendant's answer failed
   to raise such issue.

4. APPEAL AND ERROR—STATEMENT OF QUESTIONS INVOLVED—FRAUD
   —RECORD.

   Issue as to fraud concerning earnings of tavern and restaurant
   business in question, which was raised by defendant's answer
   *held,* not a basis for reversal on appeal, where the statement
   of questions involved does not present such issue and the record
   fails to disclose an affirmative showing as to such fraud in the
   trial court.

5. JUDGMENT—CONSENT—APPEAL.

   A judgment by consent that does not appear to have resulted
   from mistake, fraud or misrepresentation, cannot ordinarily

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur, Appeal and Error § 820.
[3] 24 Am Jur, Fraud and Deceit § 243.
[4] 3 Am Jur, Appeal and Error §§ 695, 820.
[5] 31 Am Jur, Judgments § 714.

be set aside or vacated by the court without the consent of the parties thereto, since it is not the judgment of the court but the judgment of the parties and an appeal therefrom will be dismissed on motion.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 14, 1954. (Docket No. 69, Calendar No. 45,699.) Decided February 18, 1954.

Assumpsit by Philip R. Sauer against Joseph J. Rhoades for breach of contract to purchase tavern and restaurant business. Consent judgment for plaintiff. Defendant appeals. Affirmed.

*Sauer & Girard,* for plaintiff.

*Hollis C. Martin,* for defendant.

DETHMERS, J. Defendant appeals from a consent judgment entered against him. The issues raised by the statement, in his brief, of questions involved are: (1) error in receiving opinion testimony of witnesses whose competency therefor defendant now alleges was not shown; (2) the sales agreement upon which suit was brought, having been drafted by plaintiff's attorney, should have been construed in defendant's favor; (3) judgment for plaintiff was in error in view of the affirmative defense that the agreement sued on was induced by misrepresentations concerning a lease.

(1) On trial defendant raised no objection to the competency of the witnesses, but only to the materiality of their testimony, which clearly was material. The objection comes too late now. (2) It nowhere appears that the trial court was called upon to construe the agreement (nor need we on appeal), nor that a judgment for plaintiff must depend on a construction thereof contrary to any claimed by defendant. (3) Defendant's answer to plaintiff's declara-

tion failed to raise the issue of misrepresentations concerning a lease (as to which testimony was, accordingly, excluded), but raised it only concerning the earnings of the business in question, as to which the statement of questions involved raises no issue here and the record fails to disclose an affirmative showing below.

For the reasons noted, the appeal is without merit. No claim is made that defendant's consent to entering judgment was not voluntarily given or that it resulted from mistake, fraud or misrepresentation. For cases in which we have held that a party may not attack or appeal from a decree entered with his consent, see *Cameron* v. *Smith,* 171 Mich 333, and cases therein cited, and, in similar vein, *Burk* v. *Amos,* 262 Mich 332; and *Westgate* v. *Adams,* 293 Mich 559. No valid reason appears for a different rule in the case of consent judgments at law. For instances of recognition by this Court that "a judgment by consent cannot ordinarily be set aside or vacated by the court without the consent of the parties thereto, since it is not the judgment of the court but the judgment of the parties", see *In re Estate of Meredith* (syllabus), 275 Mich 278 (104 ALR 348), and *Douzeff* v. *Soneff,* 330 Mich 295, 301.

"As a general rule a judgment entered by consent may not be complained of on appeal by the parties to it, and an appeal therefrom will be dismissed on motion." *Coolsaet* v. *Veblen,* 55 SD 485 (226 NW 726; syllabus 67 ALR 1499).

"In the absence of statute, a judgment or decree entered by the consent of the parties cannot be reviewed by appeal or by error proceedings." 2 Am Jur, Appeal and Error § 31.

Affirmed, with costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.