*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANA MARIA SANDOVAL,

Plaintiff-Appellee,

v

FARMERS INSURANCE EXCHANGE, HENRY
FORD HEALTH SYSTEM, and VLADIMIR
BOSHEVSKI,

Defendants-Appellees,

and

ZURICH AMERICAN INSURANCE COMPANY,

Defendant-Appellant.

FOR PUBLICATION
January 25, 2024

No. 361166
Wayne Circuit Court
LC No. 20-009792-NF

TOX TESTING INC doing business as PARAGON
DIAGNOSTICS, PRO TOXICOLOGY TESTING,
and DETROIT METRO RX (ANA SANDOVAL),

Plaintiffs-Appellees,

v

FARMERS INSURANCE EXCHANGE,

Defendant-Appellee,

and

ZURICH AMERICAN INSURANCE COMPANY,

Defendant-Appellant.

No. 361176
Wayne Circuit Court
LC No. 20-014589-NF

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

O'BRIEN, J. (*dissenting*)

-1-

I would conclude that Zurich satisfies the requirements of MCR 7.203(A)—the court rule defining this Court's jurisdiction to hear an appeal as of right. I therefore respectfully dissent from the majority's conclusion that this Court lacks jurisdiction to hear Zurich's appeal.

I. BACKGROUND

Given that the majority dismisses this appeal for lack of appellate jurisdiction, the facts of the underlying litigation are largely irrelevant, and I will only briefly summarize them.

HFHS owns 12 shuttle buses, and operates its shuttle-bus system within one square mile. The shuttle buses primarily transport employees and patients between HFHS's buildings and parking lots. At the relevant time, Zurich served as the insurer for HFHS's fleet of shuttle buses.

In October 2019, plaintiff Ana Sandoval was riding as a passenger in a shuttle bus owned and operated by HFHS and driven by Vladimir Boshevski.[1] When Boshevski made a turn, Sandoval's wheelchair came loose, and she fell to the floor, sustaining injuries. After the accident, Sandoval submitted a claim for PIP benefits through the Michigan Assigned Claims Plan (MACP), which assigned Farmers as the servicing insurer for her claim.

Sandoval later filed suit against Farmers alleging that it unlawfully refused to pay her no-fault benefits. Sandoval also assigned and transferred her rights and interests to plaintiffs Tox Testing, Inc. (doing business as Paragon Diagnostics), Pro Toxicology Testing, and Detroit Metro RX, who in turn filed a separate suit against Farmers. This separate action was eventually consolidated with Sandoval's action.

As relevant to this appeal, Farmers asserted in both actions that it was not responsible for payment of Sandoval's no-fault benefits because HFHS's no-fault insurer (Zurich) was a higher-priority insurer. Sandoval then moved to amend her pleading to add claims against Zurich, HFHS, and Boshevski, and the trial court granted the motion. As relevant to this appeal, Zurich, like Farmers, asserted in response to Sandoval's complaint that it was not the highest-priority insurer.

Shortly after Zurich was added to the action, Farmers moved for summary disposition under MCR 2.116(C)(10), claiming that Sandoval was not eligible for no-fault benefits through the MACP because she was entitled to no-fault benefits from a different source—Zurich. In response, Zurich generally objected to the motion because it had only recently been added to the lawsuit, but substantively responded by arguing that it was not responsible for Sandoval's no-fault benefits. The trial court eventually entered an order granting Farmers' motion for summary disposition, and accordingly dismissed all claims against Farmers. This was not a final order, however, and the case continued.

Eventually, a settlement was reached, and the remaining parties submitted a stipulated order to the trial court to dismiss the case. The trial court entered the stipulated order, which dismissed the remaining defendants, including Zurich. The order stated that it resolved the last

---

[1] Boshevski was originally named as a party to this suit but was dismissed by a stipulated order. No appeal has been taken from that order.

pending claim and closed the consolidated cases. The order did not state that Zurich reserved a right to appeal.

This appeal followed.

## II. APPELLATE JURISDICTION

The appellate jurisdiction of the Court of Appeals is provided by both the Michigan Constitution and statute. See *People v Washington*, 508 Mich 107, 122; 972 NW2d 767 (2021). "The jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court." Const 1963, art VI, § 10. At issue in this appeal is whether this Court has jurisdiction to hear Zurich's appeal as of right. On that subject, MCL 600.308(1) provides:

> The court of appeals has jurisdiction on appeals from all final judgments and final orders from the circuit court, court of claims, and probate court, as those terms are defined by law and supreme court rule, except final judgments and final orders described in subsections (2) and (3). A final judgment or final order described in this subsection is appealable as a matter of right.

Additionally, in MCL 600.309, "the Legislature gave our Supreme Court broad authority to promulgate rules that permit appeals to this Court and to determine whether those appeals would be as of right or by leave granted." *Chen v Wayne State Univ*, 284 Mich App 172, 192; 771 NW2d 820 (2009). "Hence, this Court's jurisdiction is generally ascertained by reference to our Supreme Court's rules." *Id*.

As relevant to this appeal, MCR 7.203(A)(1) provides that this Court "has jurisdiction of an appeal of right filed by an aggrieved party from" "[a] final judgment or final order . . . as defined in MCR 7.202(6)[.]"

There are not many requirements that must be met under this subrule. First, a party must claim an appeal by right from a final judgment or order. What constitutes a "final judgment" or "final order" is defined by court rule. See MCR 7.202(6).

Second, the appeal must be "filed by an aggrieved party . . . ." MCR 7.203(A). In *Federated Ins Co v Oakland Co Rd Comm'n*, 475 Mich 286, 291-292; 715 NW2d 846 (2006), our Supreme Court explained how the "aggrieved party" requirement in MCR 7.203(A) is similar to the standing requirement:

> As we indicated in *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 612; 684 NW2d 800 (2004), citing *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 734; 629 NW2d 900 (2001), standing refers to the right of a party plaintiff initially to invoke the power of the court to adjudicate a claimed injury in fact. In such a situation it is usually the case that the defendant, by contrast, has no injury in fact but is compelled to become a party by the plaintiff's filing of a lawsuit. In appeals, however, a similar interest is vindicated by the requirement that the party seeking appellate relief be an "aggrieved party" under

-3-

MCR 7.203(A) and our case law. This Court has previously stated, "To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency." *In re Estate of Trankla*, 321 Mich 478, 482; 32 NW2d 715 (1948), citing *In re Estate of Matt Miller*, 274 Mich 190, 194; 264 NW 338 (1936). An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury, as would a party plaintiff initially invoking the court's power. The only difference is a litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case. [Footnotes omitted.]

On its face, the court rule governing this Court's jurisdiction does not carve out an exception for stipulated orders or consent judgments. Yet the majority dismisses Zurich's appeal by right because Zurich agreed to a stipulated order without reserving a right to appeal. And it does so because, in the past, courts have held that a party to a consent judgment can appeal such a judgment by right if the party reserves a right to appeal in the judgment itself. In my opinion, the majority misunderstands where this rule comes from and, as a result, misapplies the rule to conclude that this Court lacks jurisdiction to hear Zurich's appeal as of right.

### III. CONSENT JUDGMENTS HISTORICALLY

Long before our current court rules were adopted, our Supreme Court in *Chapin v Perrin*, 46 Mich 130, 131; 8 NW 721 (1881) explained the basic rule governing appeals from consent judgments in Michigan:

> Appeals bring up for review some action of the court below which is complained of as erroneous. In this case there has been no such action. The chancery court has performed no judicial act whatever, except what is implied in permitting a consent order to be entered. But neither party can complain of a consent order, for the error in it, if there is any, is their own, and not the error of the court. It follows that there is nothing to appeal from, and the case must be dismissed and the record remanded.

This developed into "a general rule that a judgment entered by consent may not be complained of on appeal by the parties to it" because such a judgment reflects " 'not the judgment of the court but the judgment of the parties.' " *Sauer v Rhoades*, 338 Mich 679, 681; 62 NW2d 634 (1954), quoting *In re Estate of Meredith*, 275 Mich 278, 289; 266 NW 351 (1936). Following *Chapin*, this continued to be the rule in Michigan for at least the next 80 years. See, e.g., *Dora v Lesinski*, 351 Mich 579, 582; 88 NW2d 592 (1958), quoting *Chapin*, 46 Mich at 131 ("As Justice Cooley said in the *Chapin* case: 'But neither party can complain of a consent order, for the error in it, if there is any, is their own, and not the error of the court.' ").

I question, however, whether these early cases addressing appeals from consent judgments considered the issue a jurisdictional one. While some appeals from consent judgments were dismissed, it is not apparent that they were dismissed for want of jurisdiction. See, e.g., *Chapin*, 46 Mich at 131 ("It follows that there is nothing to appeal from, and the case must be dismissed

-4-

and the record remanded."); *Burk v Amos*, 262 Mich 332, 335; 247 NW 197 (1933) (dismissing the appeal because "the approval of the decree and the acceptance of benefits under it by counsel for both defendants estop the defendant Robert H. Amos from attacking it where no claim is made of fraudulent conduct on the part of the attorney who assumed to act for him"); *Cameron v Smith*, 171 Mich 333, 335; 137 NW 265 (1912) (declining "to consider the appeal" because "[t]he decree was made in accordance with the wishes and consent of both parties," and "no claim is made by appellant in this court that the decree is wrong in any respect; no complaint is made of any ruling or conclusion of the trial court; counsel merely suggests some doubt as to power of the court to cut off the contingent remainder"). And other appeals from consent judgments were not dismissed; they were affirmed. See, e.g., *Hirschfeld v Hirschfeld*, 242 Mich 33, 34; 217 NW 800 (1928) (affirming an appeal from an order entered with the consent of the parties because the appealing party's "appeal is wholly without merit and it presents no question worthy of consideration"); *Brick v Brick*, 65 Mich 230; 31 NW 907, on reh 65 Mich 230; 33 NW 761 (1887) ("It appears from the printed record that the decree below was entered by the consent of defendant by his solicitor. Such a decree is binding upon the parties, unless impeached for fraud or mistake, and no such claim is advanced on this appeal. It follows that the decree must be affirmed."); *Weber v Costigan*, 139 Mich 146, 147; 102 NW 666 (1905) (affirming in an appeal from an order entered with the consent of the parties); *Owen v Yale*, 75 Mich 256, 259; 42 NW 817 (1889). At the very least, it is not readily apparent from these early cases that a party's unreserved agreement to a consent judgment deprived appellate courts of jurisdiction to hear and determine an appeal from the judgment. See *Langdon v Wayne Circuit Judges*, 76 Mich 358, 367; 43 NW 310 (1889) (" 'Jurisdiction, when applied to courts, is the power to hear and determine a cause or matter.' ").

Yet the majority concludes that this Court lacks jurisdiction to hear Zurich's appeal as of right because Zurich agreed to a stipulated order without reserving a right to appeal in that order. To begin to understand why, it is necessary to delve into more recent cases dealing with consent judgments.

## IV. CONSENT JUDGMENTS TODAY

In *Travelers Ins v Nouri*, 456 Mich 937, 937; 575 NW2d 561 (1998), this Court had dismissed a claim of appeal from a consent judgment, and our Supreme Court remanded the case to this Court with orders that it permit the defendant to file a claim of appeal, explaining, "The Court of Appeals has previously recognized that an appeal of right is available from a consent judgment in which a party has reserved the right to appeal a trial court ruling." As examples of where this Court had recognized that an appeal of right is available from a consent judgment in which a party has reserved the right to appeal, *Travelers* cited *Vanderveen's Importing Co v Keramische Industrie M deWit*, 199 Mich App 359; 500 NW2d 779 (1993), *Field Enterprises v Dep't of Treasury*, 184 Mich App 151; 457 NW2d 113 (1990), and *Smith v City of Westland*, 158 Mich App 132; 404 NW2d 214 (1986).

In *Vanderveen's*, 199 Mich App at 360, this Court permitted an appeal of right from a conditional consent judgment in which the defendant reserved the right to appeal. In *Field Enterprises*, 184 Mich App at 152, the plaintiff filed suit in the Court of Claims seeking a tax refund because, according to the plaintiff, the "defendant had improperly characterized payments plaintiff had made under a television syndication license agreement as royalties rather than rent." In a separate action that addressed the same issue—whether the payments made by plaintiff were

royalties or rent—the "judge hearing [the] suit determined that the payments made by plaintiff were rent and not royalties." *Id*. at 153.

> Because the instant action was assigned to the same judge, the parties entered a "consent" judgment wherein defendant agreed to refund monies to plaintiff, given the judge's decision in the other action. Defendant then filed a claim of appeal which was rejected by this Court because defendant was not an aggrieved party under the terms of the consent judgment. The parties then filed an amended "consent" judgment wherein their right to appeal was preserved. Defendant now appeals as of right. [*Id*.]

Finally, in *Smith*, 158 Mich at 134, this Court merely noted that the consent judgment that plaintiff appealed by right "specifically preserved [the] plaintiff's right to appeal" an earlier ruling dismissing one of the plaintiff's claims.

The majority relies on these cases to hold that this Court lacks jurisdiction to hear an appeal as of right filed by a party to a final judgment or order "if [the party] consented or stipulated to the final order, unless it has reserved the right to do so in its stipulation to the order." *Ante* at ___. The flaw with this holding is that none of the cases just discussed held that a party who consents to a stipulated order cannot appeal the order as of right unless it has reserved the right to do so in the order; the cases only "recognized that an appeal of right is available from a consent judgment in which a party has reserved the right to appeal a trial court ruling." *Travelers Ins*, 456 Mich at 937. In other words, the majority recognizes the rule that a party to a consent judgment can appeal the judgment as of right if the party reserved the right to appeal in the judgment, then concludes that the inverse is also true—that a party to a consent judgment can *not* appeal the judgment as of right if the party did *not* reserve the right to appeal in the judgment.

But this begs the question: why is an appeal by right unavailable to a party to a consent judgment who fails to reserve the right to appeal in the judgment? In my opinion, a holistic look at this state's historical and modern treatment of consent judgments, and how that plays into our court rules, suggests that no such bright-line rule exists. I will provide a longer explanation for how I believe appeals as of right from consent judgments should be treated, but the short version is this: whether a party to a consent judgment can appeal the judgment as of right depends on what the party agreed to in the consent judgment and the injury that the party complains of on appeal.

## V. APPEALS AS OF RIGHT FROM CONSENT JUDGMENTS

Recall that, before our current court rules were adopted, there was "a general rule that a judgment entered by consent may not be complained of on appeal by the parties to it" because such a judgment reflects "not the judgment of the court but the judgment of the parties." *Sauer*, 338 Mich at 681 (quotation marks and citation omitted). And further recall that our court rules—from which "this Court's jurisdiction is generally ascertained," *Chen*, 284 Mich App at 192—make no mention of consent judgments. But our court rules *do* require that a party claiming an appeal as of right contest an action taken by the trial court, thereby incorporating the principle underpinning the "general rule that a judgment entered by consent may not be complained of on appeal by the parties to it." *Sauer*, 338 Mich at 681.

MCR 7.203(A) provides that an appeal as of right be "filed by an aggrieved party." In *Federated Ins*, 475 Mich at 292, our Supreme Court explained that to be an "aggrieved party" under MCR 7.203(A), a litigant "must demonstrate an injury arising from . . . the actions of the trial court. . . ." Thus, consistent with *Sauer* and *Chappin*, an appeal by right from a consent judgment is generally unavailable to a party to the consent judgment because any error in the judgment is the result of the party's own action, not the actions of the trial court. This in turn renders the party to the consent judgment not an "aggrieved party" under MCR 7.203(A). Caselaw bears out this relationship—under our court rules, an appeal as of right is generally unavailable to a party to a consent judgment because such a party is not "aggrieved." See *Reddam v Consumer Mtg Corp*, 182 Mich App 754, 756-757; 452 NW2d 908 (1990), overruled in part on other grounds by *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549; 640 NW2d 256 (2002) (explaining that "a mediation evaluation is, in essence, a consent judgment," "this Court has jurisdiction only over appeals filed by an 'aggrieved party,' " and "[h]aving accepted a mediation award, plaintiff is not an aggrieved party"); *Field Enterprises*, 184 Mich App at 153 ("Defendant then filed a claim of appeal which was rejected by this Court because defendant was not an aggrieved party under the terms of the consent judgment.").

But we still have the rule that "an appeal of right is available from a consent judgment in which a party has reserved the right to appeal a trial court ruling." *Travelers Ins*, 456 Mich at 937. For this to be true, a party to a consent judgment who reserves the right to appeal in the judgment must still be an "aggrieved party." See MCR 7.203(A) (stating that this Court "has jurisdiction of an appeal of right filed by an aggrieved party from" certain orders or judgments).

Then the question becomes why a party to a consent judgment who reserves a right to appeal is an aggrieved party, but one who does not reserve such a right is generally not an aggrieved party. We already know (as explained above) that a party who does not reserve a right to appeal in a consent judgment is generally not an "aggrieved party" under MCR 7.203(A) because any injury the party suffers as a result of the consent judgment is due to the actions of the party, not the actions of the trial court. Reserving the right to appeal in the consent judgment clearly cures this deficiency, and, in my opinion, the reason is because it signals that the party is consenting to the judgment but not to the trial court's actions that the party seeks to contest on appeal. Any error complained of on appeal (if one exists) thus remains that of the trial court.

Against this backdrop, I do not believe the rule should be that a party to a consent judgment can only claim an appeal by right from the consent judgment if the party reserved that right in the judgment. Rather, to decide whether a party can appeal a consent judgment or stipulated order by right, courts should consider what the party agreed to in the judgment or order and the injury that the party complains of on appeal. If the party's complained-of injury on appeal is due to the consent judgment, and the party agreed to the consent judgment without reserving an appeal as of right, then that party cannot claim an appeal as of right because it would not be an "aggrieved party" under MCR 7.203(A); its complained-of injury would be the result of its own actions and not the actions of the trial court. But if the same party's complained-of injury on appeal has nothing to do with the consent judgment, and if, by agreeing to the consent judgment, the party did not assent to the trial court's actions that the party contests on appeal, then I would hold that the party could be an "aggrieved party" under MCR 7.203(A). Stated differently, under those circumstances, a party's agreement to the consent judgment or stipulated order would not bar the party from filing an appeal as of right from the judgment or order.

-7-

## VI. APPLICATION

Here, Farmers moved for summary disposition arguing that it was not the highest-priority insurer, and Zurich contested the motion. As part of its July 2021 order granting Farmers' motion, the trial court found that Zurich was the highest-priority insurer liable for paying any no-fault benefits owed to Sandoval and her assignees, and dismissed Farmers from the case.[2]

Eventually, in April 2022, the trial court entered a stipulated order dismissing the remaining defendants, including Zurich. There is no dispute that this constituted a final order under MCR 7.202(6)(a)(*i*). Zurich has filed an appeal as of right from this final order, so the only remaining issue is whether Zurich is an aggrieved party. See MCR 7.203(A)(1) (providing that this Court "has jurisdiction of an appeal of right filed by an aggrieved party from" a final order).

For the reasons explained, I believe that whether a party to a stipulated order is an "aggrieved party" for purposes of MCR 7.203(A) depends on what the party agreed to as part of the stipulated order. If the party assented to the injury of which it now complains, then the injury is the result of the party's own actions, not the actions of the trial court. But if, by agreeing to the stipulated order, the party in no way assented to the injury of which it now complains, then the party's complained-of injury was not necessarily the result of the party's own action.

The stipulated order in this case resolved Sandoval and her assignees' entitlement to no-fault benefits, and the settlement reflected the amount owed. On appeal, Zurich contests whether it is the highest-priority insurer for Sandoval's no-fault benefits relative to Farmers. If Farmers is found to be the highest priority insurer, then Zurich may be entitled to bring a subrogation action against Farmers to recover the no-fault benefits Zurich paid to Sandoval and her assignees. See, e.g., *Esurance Prop & Cas Ins Co v Michigan Assigned Claims Plan*, 507 Mich 498, 517-518; 968 NW2d 482 (2021). If Zurich is found to be the highest priority insurer, then its liability to Sandoval and her assignees is already settled. Either way, Sandoval and her assignees' entitlement to no-fault benefits and the amount owed to them by Zurich pursuant to the settlement—i.e., the issues that Zurich agreed to as part of the stipulated order—are unaffected. Accordingly, I would conclude that, despite agreeing without reservation to a stipulated order with Sandoval and her assignees, Zurich can appeal the stipulated order as of right to contest its priority dispute with Farmers because, by agreeing to the stipulated order, Zurich only agreed to resolve its action with Sandoval and her assignees; Zurich's agreement to the stipulated order did not encompass the trial court's earlier determination that Zurich was a higher-priority insurer relative to Farmers.

---

[2] This had a direct effect on Zurich's pecuniary interest because it made Zurich liable for any no-fault benefits payable to Sandoval and her assignees, which in turn satisfies the requirement from *Federated Ins*, 475 Mich at 291-292, that an "aggrieved party" suffer a concrete and particularized injury to its pecuniary interests. To any extent it could be argued that injury to Zurich was merely hypothetical because it was not certain that Zurich would ultimately have to pay no-fault benefits to Sandoval and her assignees, the argument is moot because Zurich settled with Sandoval and her assignees. See *Manuel v Gill*, 481 Mich 637, 645 n 4; 753 NW2d 48 (2008).

For clarity, I would also conclude that regardless of whether this Court can hear Zurich's appeal as of right, this Court cannot review any issue encompassed by the April 2022 stipulated order because Zurich's unreserved agreement to that order mandates such a result. See *Dana Corp v Appeal Bd of Mich Employment Sec Comm*, 371 Mich 107, 110; 123 NW2d 277 (1963) ("But once stipulations have been received and approved they are sacrosanct."). Accordingly, I would leave in place any issue resolved by that order, including any requirement that Zurich pay Sandoval and her assignees an amount agreed to in the settlement.

But the trial court's grant of Farmers' motion for summary disposition determining that Zurich was the highest-priority insurer was not encompassed by the April 2022 stipulated order; it was fully resolved in the July 2021 order. Zurich contested the July 2021 order, and the trial court ruled against Zurich. Any resultant error in the July 2021 order was the trial court's, not Zurich's. And, again, nothing about Zurich's eventual agreement to the April 2022 stipulated order suggests that Zurich was assenting to the trial court's earlier priority determination.[3] Following the well-established principle that "a party claiming an appeal of right from a final order is free to raise issues on appeal related to prior orders," *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009), I would conclude that Zurich is free to contest the July 2021 order in this appeal of right from the April 2022 final order.[4]

---

[3] Particularly in the context of the no-fault act, it is routine—even encouraged—for no-fault insurers to quickly pay no-fault benefits and resolve priority disputes later. See, e.g., *Griffin v Trumbull Ins Co*, 509 Mich 484, 497; 983 NW2d 760 (2022), quoting *Esurance*, 507 Mich at 517 (explaining that " 'whenever a priority question arises between two insurers, the preferred method of resolution is for one of the insurers to pay the claim and sue the other in an action of [equitable] subrogation' "). This further demonstrates that, by agreeing to pay Sandoval and her assignees' claims for no-fault benefits, Zurich was not agreeing that it was the highest-priority insurer. Accord *Whitley v Chrysler Corp*, 373 Mich 469, 474; 130 NW2d 26 (1964) (explaining that a stipulation should be "construed in the light of the surrounding circumstances and the whole record," and should "not be so construed as to give the effect of waiver of a right not plainly intended to be relinquished").

[4] This result is consistent with results reached by other panels addressing the same issue, albeit in unpublished opinions. See *Estate of Gregory Sliger v Steve Bonno*, unpublished per curiam opinion of the Court of Appeals, issued June 16, 2022 (Docket No. 357405), pp 2-4; *Deda v Winters*, unpublished per curiam opinion of the Court of Appeals, issued June 9, 2022 (Docket No. 356864), pp 2-3; *Smith v Auto Club Insurance Ass'n*, unpublished per curiam opinion of the Court of Appeals, issued April 21, 2022 (Docket No. 357641), pp 3-4; *Estate of Wells v State Farm Fire and Casualty Co*, unpublished per curiam opinion of the Court of Appeals, issued July 16, 2020 (Docket No. 348135), p 1 n 1, rev'd in part on other grounds, vacated on other grounds, 509 Mich 855 (2022); *Gallagher v Northland Farms, LLC*, unpublished per curiam opinion of the Court of Appeals, issued July 14, 2015 (Docket No. 321976), p 3.

## VII.  CONCLUSION

For the reasons explained, I would conclude that this Court has jurisdiction to hear Zurich's appeal as of right because Zurich satisfies the requirements of MCR 7.203(A)(1).  I therefore respectfully dissent.


/s/ Colleen A. O'Brien