PODLAHA v MANAGEMENT RECRUITERS INTERNATIONAL,
INC

Docket No. 96593. Submitted April 8, 1988, at Detroit. Decided
September 6, 1988.

Otto C. Podlaha, while a resident of Michigan, obtained through
Management Recruiters International, Inc., a personnel place-
ment service, employment as plant manager of the Dallas,
Texas, plant of Dual-Lite, Inc. Within two weeks of commenc-
ing employment, plaintiff received from Dual-Lite's general
manager and vice-president a letter setting forth the details of
his employment. Several months thereafter, Dual-Lite termi-
nated Podlaha's employment. Podlaha brought an action in
Wayne Circuit Court against Management Recruiters and Dual-
Lite. Against Dual-Lite, plaintiff alleged wrongful discharge
and breach of contract. The trial court, Marvin R. Stempien, J.,
granted summary disposition in favor of Dual-Lite, ruling that
no genuine issue of material fact existed and Dual-Lite was
entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

1. A contract executed in one state but intended to be
performed in another state is governed by the law of the state
of performance. Here, while plaintiff accepted the offer of
employment by a telephone call placed in Michigan, the place
of performance was Texas. Thus, Texas law controls construc-
tion of the employment contract.

2. Under Texas law, absent a specific contract term to the
contrary, an employer may terminate the employment relation-
ship at any time for any reason. An employee may state a
cause of action against an employer for breach of contract
where the plaintiff's employment at will was modified by oral
agreement with supervisory personnel who had authority to
make modifications that the employee could not be terminated
without good cause. Here, no such modification was made. The

REFERENCES

Am Jur 2d, Conflict of Laws §§ 74 *et seq.*

Comment Note.—What law governs in determining whether facts
and circumstances operate to terminate, breach, rescind, or repu-
diate a contract. 50 ALR2d 254.

letter from the Dual-Lite executive merely set forth plaintiff's salary and benefits.

Affirmed.

CONTRACTS — CONFLICT OF LAWS — PLACE OF PERFORMANCE.

A contract executed in one state but intended to be performed in another state is governed by the law of the state of performance; it is presumed that the contract is formed with reference to the laws of the place of performance, and those laws would be followed when determining the nature, validity, effect, and obligations of the contract.

*Rifkin & Kingsley, P.C.* (by *Lori D. Weisberg*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Charles C. DeWitt, Jr.*), for Dual-Lite, Inc.

Before: HOLBROOK, JR., P.J., and MACKENZIE and N. A. BAGULEY,* JJ.

N. A. BAGULEY, J. Plaintiff appeals as of right from an order of summary disposition, granted pursuant to MCR 2.116(C)(10), dismissing plaintiff's wrongful discharge and breach of contract claims against defendant Dual-Lite, Inc. We affirm.

This action arises out of the termination of plaintiff from his position as plant manager of the Dallas, Texas, plant of defendant Dual-Lite, Inc. (hereafter referred to as defendant). Prior to his employment with defendant, plaintiff resided in Michigan and worked for Riverside Manufacturing Company. Plaintiff learned of an opening with defendant through Management Recruiters International, Inc., a personnel placement service. In January, 1982, plaintiff met with two Dual-Lite employees to discuss possible employment with defendant. Plaintiff visited defendant's Dallas, Texas, plant the following week, and again in

* Circuit judge, sitting on the Court of Appeals by assignment.

April, 1982, at which time Paul Suprono, defendant's general manager and vice-president, made an offer of employment to plaintiff. Plaintiff later accepted this offer during a telephone conversation.

Plaintiff began working in Dallas on June 2, 1982. Within two weeks, plaintiff received a letter from Suprono setting forth the details of his employment. Plaintiff signed the letter and returned it to defendant. On August 13, 1982, plaintiff was fired by Dual-Lite and told that they could no longer afford his services. Plaintiff received one month's severance pay and company-paid life insurance for six months in accordance with the letter previously mentioned.

On August 24, 1983, plaintiff filed a complaint in Wayne Circuit Court against defendant for wrongful discharge, breach of contract and age discrimination. Thereafter, plaintiff and defendant stipulated to a dismissal of plaintiff's age discrimination claim. Defendant moved for summary disposition on the remaining claims and this motion was granted in an order dated October 31, 1986. The court determined first that, since the performance of services required by the contract was to take place in Texas, Texas law governed the contract between the parties. Second, the court determined that under Texas law plaintiff was an at-will employee as the contract between the parties did not contain any written agreement that plaintiff would be fired only for good cause and no oral agreement between the parties modified this contract.

The trial court did not err in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). A contract executed in one state but intended to be performed in another state is governed by the law of the state of performance. It is presumed that the contract is formed with

reference to the laws of the place of performance, and those laws would be followed when determining the nature, validity, effect, and obligations of the contract. Under these circumstances, the laws of the state where the contract was executed are immaterial. *George Realty Co v Gulf Refining Co,* 275 Mich 442; 266 NW 411 (1936); see also *Leff v NAC Agency Inc,* 639 F Supp 1426 (ED Mich, 1986). Actions taken by an employee as necessary incidents to the performance of an employment contract do not constitute consideration for the employment or performance of the contract. See *Lynas v Maxwell Farms,* 279 Mich 684, 689; 273 NW 315 (1937).

Here, plaintiff executed his employment contract with defendant in Michigan by accepting defendant's offer of employment via a telephone call placed in Michigan. At all times, plaintiff knew he would be performing his part of the employment contract in Dallas, Texas. Although plaintiff accepted the contract in Michigan, put his house up for sale and made other arrangements in Michigan in order to fully perform the contract in Texas, as the contract was intended to be performed in Texas, the laws of the State of Michigan are immaterial on the issues of contract construction.

Pursuant to Texas law, absent a specific contract term to the contrary, the employer may terminate the employment relationship at any time for any reason. *Sabine Pilot Service Inc v Hauck,* 687 SW2d 733 (Tex, 1985). An employee may state a cause of action against an employer for breach of contract where the plaintiff's employment at will was modified by oral agreement with supervisory personnel who had authority to make modifications that the employee could not be terminated without good cause. *Johnson v Ford Motor Co,* 690 SW2d 90 (Tex App, 1985).

The only written codification of the terms of plaintiff's employment was the May 18, 1982, letter from Suprono which was signed by plaintiff. While this letter sets forth plaintiff's salary and benefits to be received upon termination, it does not contain any specific terms modifying plaintiff's at-will employment. Nor has plaintiff shown any oral agreement modifying these written terms of plaintiff's employment.

Viewing the facts in the light most favorable to plaintiff, the trial court did not err in granting defendant's motion for summary disposition.

Affirmed.