VANDERVEEN'S IMPORTING COMPANY v KERAMISCHE
INDUSTRIE M deWIT

Docket No. 141172. Submitted March 3, 1993, at Grand Rapids.
Decided April 19, 1993, at 9:15 A.M.

Vanderveen's Importing Company, a Michigan corporation,
brought an action in the Kent Circuit Court against Keram-
ische Industrie M. deWit, a Netherlands corporation, seeking
damages resulting from the recall of earthenware purchased
from the defendant that was recalled and returned to the
defendant after the United States Food and Drug Administra-
tion found an unacceptably high lead content that posed a
health hazard. The plaintiff claimed breach of warranty of
merchantability. The contract, which was executed in the
Netherlands, stated that resolution of any disputes would be in
the Netherlands. Performance of the contract, the delivery of
the earthenware, also occurred in the Netherlands. The court,
Dennis B. Leiber, J., entered a consent judgment awarding the
plaintiff $17,000. The defendant reserved the right to appeal
the court's ruling that, pursuant to MCL 600.745; MSA 27A.745
and despite the agreement of the parties, the action should be
maintained in Michigan because the Netherlands would be a
substantially less convenient place for the trial.

The Court of Appeals held:

1. The trial court erred in relying on the plaintiff's represen-
tations that several witnesses from the FDA would have to be
called to substantiate the plaintiff's claims and in accepting the
plaintiff's argument that federal regulations and the Uniform
Commercial Code must be applied in determining the obliga-
tions of the parties under the contract. Additional findings were
required.

2. It appears that the law of the Netherlands is applicable
because the agreement was executed there and performance,
the delivery, occurred there. The case must be remanded to the
trial court for a determination whether, pursuant to the law of
the Netherlands, the plaintiff has a cause of action for breach

REFERENCES

Am Jur 2d, Conflict of Laws §§ 2, 75, 76.
See ALR Index under Conflict of Laws; Foreign Countries.

of warranty of merchantability and whether the FDA regulations and the UCC are applicable in this case. Only after the court makes these findings may it consider the exceptions to the forum-of-choice agreement provided by MCL 600.745; MSA 27A.745.

Reversed and remanded.

1. CONFLICT OF LAWS — CONTRACTS — FOREIGN CONTRACTS.

The remedy for enforcing a foreign contract is regulated by the laws of the forum where the remedy is pursued; the forum court initially must decide the place of contracting and apply the law of the locality of the contract to establish rights under the agreement.

2. CONFLICT OF LAWS — CONTRACTS.

The validity and construction of a contract generally is controlled and is to be determined by the law of the situs, the place where the contract was entered into; a contract executed in one state or jurisdiction but intended to be performed in another is governed by the law of the place of performance.

*Idema & Keyser, P.C.* (by *Joseph H. Doele*), for the plaintiff.

*Donald H. Hann,* for the defendant.

Before: McDONALD, P.J., and REILLY and FITZGERALD, JJ.

REILLY, J. Defendant appeals as of right a May 8, 1991, conditional consent judgment entered in the Kent Circuit Court. In stipulating to the entry of the consent judgment, the parties agreed as follows:

The Defendant reserves the right to appeal the rulings concerning jurisdiction and the question of whether or not the matter should have been tried in the Netherlands. The Defendant reserves the right to defend the action in the Netherlands, as to all questions. The defendant does not contest that proper service of process was made under Michigan law.

Before the entry of the consent judgment, the trial court denied defendant's motion for summary disposition pursuant to MCR 2.116(C)(1) (lack of jurisdiction over the person or property) and MCR 2.116(C)(3) (service of process insufficient). Although defendant did not specifically, by motion, request a change of venue, it argued at the motion hearing that it was entitled to have the case tried in the Netherlands, the forum agreed upon by the parties for resolution of any disputes arising out of the contract. The trial court's order denied defendant's motion for summary disposition without explanation. However, the court addressed the choice-of-forum issue at the motion hearing. The court determined that, in spite of the agreement of the parties, the action should be maintained in Michigan because the Netherlands would be "a substantially less convenient place for the trial of the action" than this state. MCL 600.745; MSA 27A.745.[1] We reverse and remand.

Defendant Keramische Industrie M. deWit is a Netherlands corporation that manufactures Delft

[1] MCL 600.745; MSA 27A.745 provides, in pertinent part:

(1) As used in this section, "state" means any foreign nation, and any state, district, commonwealth, territory, or insular possession of the United States.

\* \* \*

(3) If the parties agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the following occur:

(a) The court is required by statute to entertain the action.

(b) The plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action.

(c) The other state would be a substantially less convenient place for the trial of the action than this state.

(d) The agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.

(e) It would for some other reason be unfair or unreasonable to enforce the agreement.

pottery. Plaintiff Vanderveen's Importing Company is a Michigan corporation operating out of Grand Rapids. Plaintiff made several purchases of Delft earthenware between September 1985 and July 1987 from defendant's factory in the Netherlands. According to the "General Conditions of Sale" and affidavits, which are undisputed, all sales involved in this action were made f.o.b. Rotterdam, the Netherlands. Plaintiff made all arrangements for transportation of the pottery to the United States, including charges, fees, and paperwork. All sales were under the General Conditions of Sale of the Association of Souvenir Manufacturers filed with the Court Registry of the District Court at Utrecht, the Netherlands, No. 919/1983. The General Conditions of Sale provide, in pertinent part:

> 8. All goods are manufactured according to their standard specifications. In case of special orders deviating from existing models or colours, a supplement shall be charged after previous written consultation. Specimens, photographs and drawings remain our property and may not be copied or made available to third parties. . . .
>
> &ast; &ast; &ast;
>
> 16.
>
> &ast; &ast; &ast;
>
> Any disputes directly or indirectly concerning sales agreements to which these General Conditions of Sale are applicable, will in the first instance be adjudicated by the competent court of the District of Utrecht. In mutual consultation, the parties are entitled to resolve disputes by arbitration.
>
> If and in so far as these General Conditions of Sale should differ in content or scope from any Purchase Conditions drawn up by the purchaser, our Conditions of Sale and Delivery shall prevail over anything stated differently or additionally by

the purchaser, unless any deviation is expressly agreed by us in writing.[2]

In the summer of 1987, plaintiff was informed by the United States Food and Drug Administration that some of the Delft earthenware that was to be used to serve food or beverages had an unacceptably high lead content that posed a health hazard. Plaintiff was advised that the items had to be recalled and destroyed or returned to the manufacturer. Following recall of the hazardous goods, plaintiff demanded that defendant reimburse it for all the returned products and for the expenses incurred because of the recall, including transportation back to the Netherlands. Although the defendant agreed to refund the purchase price and pay for return freight, it refused to pay for the cost of the recall.[3] Plaintiff then filed this action, claiming breach of warranty of merchantability.

The sole issue presented for review is whether the trial court erred in determining that venue was proper in Michigan, pursuant to MCL 600.745; MSA 27A.745, in spite of the parties' valid agreement that the forum for resolution of disputes would be in the Netherlands. In ruling that the Netherlands would be a substantially less convenient place for the trial of the action than Michigan, the trial court relied on plaintiff's representation that several witnesses from the FDA would have to be called to substantiate its claims that the Delft earthenware was not fit for the purpose

[2] An English translation of the General Conditions of Sale was provided to the trial court.

[3] Defendant asserts in its brief on appeal that the goods met all applicable Dutch regulations and that no warranty regarding compliance with United States regulations was given or intended. These assertions may be true, but they are not supported by affidavit or other documentation.

intended. The trial court apparently accepted plaintiff's argument that federal regulations and the Uniform Commercial Code must be applied in determining the obligations of the parties under their contract of sale. Without additional findings by the trial court, we believe this ruling was erroneous.

To determine whether trial in the Netherlands would be substantially less convenient than trial in Michigan, the trial court must first determine what law governs the breach of contract action. The remedy for enforcing a foreign contract is regulated by the laws of the "forum," or the place where the remedy is pursued. *Rubin v Gallagher,* 294 Mich 124; 292 NW 584 (1940). The forum court initially decides the place of contracting and applies the law of the locality of the contract to establish rights under the agreement. *Nat'l Equipment Rental, Ltd v Miller,* 73 Mich App 421; 251 NW2d 611 (1977). As a general rule, the validity and construction of a contract is controlled and is to be determined by the law of the situs, the place where the contract was entered into. *Stillman v Goldfarb,* 172 Mich App 231; 431 NW2d 247 (1988). A contract executed in one state or jurisdiction but intended to be performed in another state or jurisdiction is governed by the law of the place of performance. *Podlaha v Management Recruiters Int'l, Inc,* 171 Mich App 1; 429 NW2d 622 (1988). It is apparent from the documents presented to the trial court that the agreement in this case was executed in the Netherlands and that performance, delivery, also occurred there. Consequently, it appears that the law of the situs of the contract, the Netherlands, would be the law applicable in this case. We therefore remand to the trial court to determine whether, pursuant to the law of the Netherlands, plaintiff has a cause of

action for breach of warranty of merchantability, and whether the FDA regulations and Uniform Commercial Code would be applicable.[4] Only after it has made findings with regard to those issues shall the trial court consider the exceptions to the forum-of-choice agreement provided by § 745.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

[4] We note that plaintiff concedes in its brief on appeal that if it had to litigate this matter in the Netherlands, it would not be able to recoup consequential damages, which are available in the Michigan forum pursuant to the Uniform Commercial Code.