*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN JABER,

        Plaintiff-Appellant,

v

P & P HOSPITALITY, LLC, doing business as THE
RAVENS CLUB,

        Defendant/Cross-Plaintiff-Appellee,

and

JACOB E. RANDALL,

        Defendant/Cross-Defendant-Appellee.

FOR PUBLICATION
December 6, 2024
10:03 AM

No. 363572
Washtenaw Circuit Court
LC No. 20-000172-NO

Before: BOONSTRA, P.J., and JANSEN, MARKEY, BORRELLO, RICK, PATEL, and YOUNG, JJ.

BOONSTRA, P.J.

Pursuant to MCR 7.215(J), this Court convened a special conflicts panel to resolve the conflict between the previous opinion in this case, *Jaber v P & P Hospitality, LLC*, __ Mich App __; __ NW3d __ (issued June 27, 2024, Docket No. 363572) (*Jaber I*), and the decision in *Sandoval v Farmers Ins Exch*, __ Mich App __; __ NW3d __ (Docket No. 361166, issued January 25, 2024).[1] The conflict between these cases involves whether this Court has jurisdiction over a party's claim of appeal even though the party, in agreeing to a stipulated order of dismissal, did not reserve the right to appeal an earlier order relating to another party. *Sandoval* ruled that this Court lacks jurisdiction in that circumstance, while *Jaber I* followed *Sandoval* only because it

---

[1] The court rule governing special conflicts panels provides in pertinent part that no poll should be conducted if our Supreme Court has granted leave in the controlling case. MCR 7.215(J)(3)(b). When the poll occurred in this case, our Supreme Court had not granted the appellant's still-pending application for leave to appeal in *Sandoval*.

was compelled to do so by MCR 7.215(J)(1).[2] This matter is being decided without oral argument pursuant to MCR 7.215(J)(5). We hold that an appellant may raise issues arising out of an earlier order relating to one party, even if the appellant has failed to reserve the right to appeal in a subsequent, stipulated order of dismissal as to another party.[3]

## I. BACKGROUND

As stated in *Jaber I*, plaintiff Susan Jaber sustained injuries in November 2017 when standing outside The Ravens Club (Ravens) in Ann Arbor. According to plaintiff, Ravens overserved alcohol to defendant Jacob Randall (Randall), after which Nicolas Dean, a Ravens employee, escorted Randall outside and violently pushed or threw him into plaintiff. Plaintiff, who had her back to the door, was hit from behind, and her face hit a light pole and then the sidewalk. Randall's mother, who was waiting outside for Randall at the time, stated that Dean left the bar holding Randall in a chokehold with Randall's feet off the ground. Randall bit Dean's arm and Dean threw Randall into plaintiff.

Plaintiff filed suit against P & P Hospitality, LLC (which does business as The Ravens Club) (P & P), alleging liability under the dramshop act (DSA), MCL 436.1801 *et seq*., for serving a visibly intoxicated person. She also alleged negligence and the negligent failure to properly hire, train, and supervise staff, including Dean.[4] P & P moved for summary disposition under MCR 2.116(C)(8) and (10), asserting that the exclusive remedy provision of the DSA precluded plaintiff's negligence claims, and that plaintiff failed to present any evidence on those claims. P & P asserted that plaintiff had failed to demonstrate its liability for the criminal acts of a third party (Dean), failed to establish the standard for supervising employees, and failed to sufficiently plead respondeat superior.

In response, plaintiff agreed that her DSA claim should be dismissed. She opposed, however, the dismissal of her negligence claims because the alleged negligence did not arise from the service of alcohol, but rather from Dean's actions and P & P's allegedly negligent supervision of him. Plaintiff claimed that she had established the standard of care and a breach, as well as respondeat superior because Dean's actions occurred within the scope of his employment.

The trial court granted P & P's motion for summary disposition, ruling that the exclusive remedy provision of the DSA precluded, and the caselaw did not create, an independent cause of action for negligence under these facts:

---

[2] MCR 7.215(J)(1) provides that prior published decisions of this Court issued on or after November 1, 1990 are precedential and must be followed, provided that they have not been reversed or modified.

[3] For purposes of this appeal, we need not decide whether an appellant may raise issues arising out of an earlier order if the appellant, while failing to reserve the right to appeal, subsequently enters into a stipulated order of dismissal as to the same party that was the subject of the earlier order.

[4] Plaintiff also alleged claims against Randall for assault and battery and for negligence.

[I]t's [an] exclusive remedy. I don't think that the, the case[]law, when I'm looking at it, does not create an independent cause of action[] for negligence in the argument of pursuing out into the parking lot, all of that. I just don't think it's there counsel. And I, maybe I'm wrong, maybe the Court of Appeals will disagree with me[.]

The court subsequently issued an order dismissing the claims against P & P with prejudice and without costs.

Plaintiff and Randall later signed a stipulated order dismissing plaintiff's remaining claims against Randall with prejudice. In the dismissal order, plaintiff did not reserve the right to appeal the trial court's earlier grant of summary disposition to P&P regarding its alleged negligence. Plaintiff thereafter filed a claim of appeal from the final, stipulated order, but challenged only the earlier grant of summary disposition in P & P's favor. Neither P & P nor Randall filed an appellee brief. At oral argument, plaintiff's counsel apprised the judges of the *Sandoval* decision, distinguished this case from *Sandoval*, and urged the Court to follow the dissent in *Sandoval*.

The *Jaber I* Court explained that, but for *Sandoval*, it would conclude that this Court had jurisdiction over the appeal. Accordingly, the *Jaber I* panel dismissed the appeal for lack of jurisdiction because it was bound to do so by *Sandoval*. After the convening of a special conflicts panel, we now determine that we have jurisdiction and reverse in part the trial court's grant of summary disposition.

## II. STANDARD OF REVIEW

Whether this Court has jurisdiction to hear an appeal is a question of law. *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 84; 832 NW2d 288 (2013). When evaluating jurisdiction, this Court applies a de novo standard. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). We also review de novo a circuit court's decision on a motion for summary disposition. *Charter Twp of Canton v 44650, Inc*, 346 Mich App 290, 308; 12 NW3d 56 (2023). Summary disposition under MCR 2.116(C)(10) is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id*. Under MCR 2.116(C)(8), a court may grant summary disposition when the opposing party has failed to state a claim. *Bauserman v Unemployment Ins Agency (On Remand)*, 330 Mich App 545, 559; 950 NW2d 446 (2019). We also review de novo questions of law involving the interpretation of statutes such as the DSA. See *Corbin v MEEMIC Ins Co*, 340 Mich App 140, 145; 985 NW2d 217 (2022).

## III. JURISDICTION

The first issue before us is whether this Court has jurisdiction over a claim of appeal taken from a stipulated final order when the issue on appeal derives from an earlier interlocutory order relating to another party but the appellant did not reserve the right to appeal that issue in the stipulated final order. We hold that the panel in *Jaber I* correctly analyzed the issue, and we follow that reasoning rather than that contained in *Sandoval*.

## A. MCR 7.203 AND PRIOR CASELAW

"The jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court." 1 Const 1963, art 6, § 10. This Court's jurisdiction therefore derives from statute, specifically MCL 600.308, and court rules. See *Walsh v Taylor*, 263 Mich App 618, 622; 689 NW2d 506 (2004). The court rule governing claims of appeal requires that the appealing party be aggrieved. Under MCR 7.203(A)(1), this Court has "jurisdiction of an appeal of right filed by an aggrieved party from" "[a] final judgment or final order . . . as defined in MCR 7.202(6) . . . ." A final judgment or order includes "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCR 7.202(6)(a)(i).

Although parties typically may appeal a final order by right, the general rule is that parties who consent to a final order cannot appeal its merits. *Dora v Lesinski*, 351 Mich 579, 582; 88 NW2d 592 (1958); *Begin v Mich Bell Tel Co*, 284 Mich App 581, 585; 773 NW2d 271 (2009), overruled in part on other grounds by *Admire v Auto-Owners Ins Co*, 494 Mich 10, 34; 831 NW2d 849 (2013). In contrast, a consent judgment may be appealable when a reservation of rights is included. *Travelers Ins v Nouri*, 456 Mich 937; 575 NW2d 561 (1998). See also *Pugh v Zefi*, 294 Mich App 393, 394 n 1; 812 NW2d 789 (2011) (recognizing that the parties' stipulation provided that it did not preclude the defendant from pursuing its appellate rights).

This Court's recent decisions have not been entirely consistent with regard to the issue before us. For example, jurisdiction regarding a stipulated order was at issue in *Estate of Sliger v Bonno*, unpublished per curiam opinion of the Court of Appeals, issued June 16, 2022 (Docket No. 357405).[5] The trial court had granted summary disposition to the owners/operators of an apartment complex where the decedent had lived (the property defendants), on the plaintiff's claim of premises liability. That order was not a final order as it did not resolve all of the plaintiff's claims, including claims against an individual defendant. The parties later stipulated to an order dismissing the remaining claims and the individual defendant. The plaintiff claimed an appeal by right, and the property defendants challenged the appeal because the plaintiff had not specifically reserved the right to appeal the earlier order in the final, stipulated order. *Id*. at 1-3.

The *Sliger* Court acknowledged the general rule in *Begin* that parties who consent to an order cannot appeal its merits, but the Court concluded that the rule did not preclude jurisdiction when the plaintiff, an aggrieved party, did not argue on appeal that the stipulated order itself contained error. *Id*. at 3. The Court decided that the plaintiff could challenge earlier orders:

> Here, however, plaintiff's appeal does not include a challenge to any of the stipulated matters contained within the May 14, 2021 order but instead focuses only a prior ruling in an order that was not a final order or judgment. As the "first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties," this was a final order, MCR 7.202(6)(a)(i), appealable by right, MCR 7.203(A)(1).[5] Nonetheless, because plaintiff's appellate arguments

---

[5] Unpublished opinions lack precedential value, but we may consider their reasoning persuasive. See *Patel v FisherBroyles, LLP*, 344 Mich App 264, 277 n 4; 1 NW3d 308 (2022).

are not directed at any issue encompassed within the consent judgment, the rule in *Begin* does not bar this Court's jurisdiction. *Begin*, 284 Mich App at 585. "[A] party claiming an appeal of right from a final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009) (quotation marks and citation omitted; alteration in original). The summary disposition ruling challenged by plaintiff and contained within the prior December 2019 order resulted in the dismissal with prejudice of plaintiff's premises-liability claim against defendants, and plaintiff has thereby demonstrated a concrete injury arising from the actions of the trial court such that plaintiff is an "aggrieved party" for purposes of MCR 7.203(A). *Tevis v Amex Assurance Co*, 283 Mich App 76, 79-80; 770 NW2d 16 (2009). For these reasons, this Court has jurisdiction over this appeal.

[5] We note that defendants do not argue that the December 30, 2019 order, or any other order entered before May 14, 2021 somehow satisfied the definition in MCR 7.202(6)(a)(i).

[*Sliger*, unpub op at 3.]

*Deda v Winters*, unpublished per curiam opinion of the Court of Appeals, issued June 9, 2022 (Docket No. 356864), applied comparable reasoning. The plaintiff sued three defendants, Louis Winters, John Doe, and Farmers Insurance Exchange. The trial court granted summary disposition to Winters, and the remaining parties later stipulated to a final order dismissing Farmers; the plaintiff apparently did not reserve a right to appeal. In his claim of appeal by right, the plaintiff sought to challenge the order of summary disposition to defendant Winters. In examining jurisdiction, the *Deda* Court decided that the plaintiff was an aggrieved party, and noted that the plaintiff did not challenge the final, stipulated order, but only the earlier summary disposition order. This Court cited the common-law rule that, in a claim of appeal from a final order, a party is free to raise issues related to earlier orders. The Court therefore rejected Winters' jurisdictional argument. *Id*. at 3.

This Court also discussed this jurisdictional issue in a footnote in the majority opinion in *Estate of Wells v State Farm Fire and Cas Co*, unpublished per curiam opinion of the Court of Appeals, issued July 16, 2020 (Docket No. 348135), rev'd in part on other grounds, vacated in part on other grounds, 509 Mich 855 (2022). The *Wells* Court observed that it had denied the defendant-insurer's motion to dismiss the appeal for lack of jurisdiction despite the fact that the plaintiff had stipulated to the final order of dismissal (as to another party) and had not reserved a right to appeal the earlier order granting summary disposition to the defendant-insurer. As in *Sliger*, the *Wells* Court cited *Green* in ruling that an appellant in a claim of appeal may raise issues on appeal related to prior orders. *Id*. at 1 n 1.

Under slightly different reasoning, the Court reached a similar result in *Gallagher v Northland Farms LLC*, unpublished per curiam opinion of the Court of Appeals, issued July 14, 2015 (Docket No. 321976), in which the defendant-insurer challenged this Court's jurisdiction on the basis that the plaintiff did not reserve a right to appeal when stipulating to the dismissal of his action after the trial court had entered an earlier order granting summary disposition to other defendants. This Court concluded:

Gallagher stipulated to the dismissal of his claim against Northland Farms and did not reserve any right to appeal. However, Gallagher stipulated to the dismissal after the trial court had already entered an order dismissing his claims against Bristol West and Farm Bureau. Because the trial court entered its order dismissing Gallagher's claims against the insurers after a contested motion for summary disposition, any error in the entry of the order was not necessarily the parties' own error. *Chapin* [*v Perrin*], 46 Mich 130, 131[; 8 NW 721 (1881)]. Further, Bristol West and Farm Bureau were not parties to the stipulation. In the stipulation, Gallagher and Northland Farms stated that the stipulation was "by and between" them and applied to the remaining "cause." Accordingly, the stipulation did not amount to a consent judgment as to Gallagher's claims against Bristol West or Farm Bureau. Under these circumstances, Gallagher retained his right to appeal the trial court's order dismissing his claims against Bristol West and Farm Bureau. See *Dybata v Kistler*, 140 Mich App 65, 68; 362 NW2d 891 (1985). [*Gallagher*, unpub op at 3.]

To the extent that these cases trend toward allowing an appeal by right in circumstances involving stipulated final orders when the appellant has not reserved appellate rights with respect to a prior order relating to another party, we embrace the conclusion that this Court has jurisdiction over an aggrieved party's issues related to the earlier order even absent a reservation of the right to appeal in a later stipulated order.

## B. THE *SANDOVAL* OPINION

*Sandoval* reached a contrary conclusion. As here, *Sandoval* involved an appellant claiming an appeal by right from a stipulated order that contained no reservation of the right to appeal an issue resolved in an earlier order. The plaintiff, a wheelchair-bound passenger in a shuttle bus, sustained injuries when her wheelchair came loose when the bus turned. The plaintiff submitted a claim for personal protection insurance benefits through the Michigan Assigned Claims Plan, which assigned it to Farmers Insurance Exchange. The plaintiff filed suit against Farmers, Zurich American Insurance Company, and other defendants, creating a dispute as to the priority of insurers. The circuit court in *Sandoval* granted summary disposition to Farmers in an interlocutory order, a ruling that left Zurich as the insurer of highest priority. In a later stipulated order dismissing the remaining claims, Zurich did not reserve its right to appeal the earlier dismissal of Farmers. *Sandoval*, __ Mich App at __; slip op at 1-4.

Zurich then claimed an appeal by right from the stipulated dismissal order. However, Zurich only challenged the trial court's earlier order granting summary disposition to Farmers. This Court dismissed Zurich's appeal on its own motion under MCR 7.203(F)(1), lack of jurisdiction, because the stipulated order did not reserve the right to appeal the earlier order regarding Farmers. Zurich moved for reconsideration, arguing that this Court had jurisdiction because Zurich had not stipulated to Farmers' dismissal, and because Zurich was an aggrieved party to the earlier order granting Farmers' motion for summary disposition. This Court reinstated the appeal. *Id*. at __; slip op at 4-5.

Despite the reinstatement, Farmers continued to challenge this Court's jurisdiction. The majority in *Sandoval* agreed, reasoning, in relevant part:

Generally, "a party cannot stipulate a matter and then argue on appeal that the resulting action was error." *Begin v Michigan Bell Telephone Co*, 284 Mich App 581, 585; 773 NW2d 271 (2009), overruled in part on other grounds by *Admire v Auto-Owners Ins Co*, 494 Mich 10, 34; 831 NW2d 849 (2013) (quotation marks and citation omitted). But an appeal of right to this Court "is available from a consent judgment in which a party has reserved the right to appeal a trial court ruling." *Travelers Ins v Nouri*, 456 Mich 937; 575 NW2d 561 (1998); see also *Begin*, 284 Mich App at 585. See also *Kocenda v Archdiocese of Detroit*, 204 Mich App 659, 666; 516 NW2d 132 (1994) ("We decline to address the issues raised by defendants on cross appeal, because defendants did not condition their stipulation and consent to the court's final orders upon the right to appeal the court's earlier refusal to grant their motion for summary disposition.")

*Travelers Ins* was an action on application by our Supreme Court. In the Court's order remanding to the Court of Appeals and allowing a claim of appeal, the Court cited three cases. *Vanderveen's Importing Co v Keramische Industrie M deWit*, 199 Mich App 359; 500 NW2d 779 (1993); *Smith v City of Westland*, 158 Mich App 132; 404 NW2d 214 (1986); and *Field Enterprises v Dep't of Treasury*, 184 Mich App 151; 457 NW2d 113 (1990). *Vanderveen* involved an appeal of a consent judgment that specifically preserved the right to appeal the issue appellants sought review of. *Smith* was a case alleging 13 different claims. In the litigation, the trial court granted summary disposition on one of the 13 claims, alleging a violation of 42 USC 1983. Shortly before trial all remaining counts were settled and the consent judgment specifically preserved plaintiff's right to appeal the 1983 claim. In *Field Enterprises*, the parties had initially resolved a Court of Claims dispute by entry of a consent judgment. When appeal was sought of this judgment, this Court rejected the claim because the appellant was not an aggrieved party under the terms of the consent judgment. Thereafter, the parties filed an amended consent judgment which preserved the right to appeal. The appellant's appeal of right was then accepted by this Court.

In the case before us, the April 2022 stipulated order did not reserve in any manner Zurich's right to appeal or to challenge the July 2021 order granting summary disposition in favor of Farmers. It is certainly true that a party, although appealing from the final order in a case, "is free to raise on appeal issues related to other orders in the case." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992). But it is not a question whether an appellant is aggrieved by an earlier order; it must still be able to claim an appeal from the final order in order to challenge the earlier order. And it cannot do so if it consented or stipulated to the final order, unless it has reserved the right to do so in its stipulation to the order. *Travelers Ins*, *supra*. And Zurich failed to do so in this case. Accordingly, this Court lacks jurisdiction to hear this appeal.[1]

[1] We note that between the time the trial court granted summary disposition and Zurich and all other remaining defendants stipulated that the consolidated cases were closed the record appears to indicate motion practice, settlement discussions, facilitation and eventually an agreement to resolve all pending claims took place and the consolidated cases were concluded by stipulation. Had Zurich wished to preserve the issue regarding whether or not they, as the insurer of the health

system whose privately owned and operated transportation services, used solely for the movement of patients in the furtherance of the health system providing the important medical care that they deliver throughout our state should have been the priority no-fault carrier to provide coverage for in the first instance, they could have done so but did not. This opinion should not be taken as a conclusion that there could never be a situation where a case is settled by a consent judgment that does not specifically retain a right of appeal in a prior nonfinal ruling. However, in the matter before the Court, given the stipulation that the last pending claims were resolved and both consolidated cases were closed; the failure to preserve this issue in the consent judgment or by timely seeking and obtaining interlocutory review of the earlier rulings leads to the result set forth in this opinion.

[*Sandoval*, __ Mich App at __; slip op at 5-7.]

The dissenting judge opined that MCR 7.203(A)(1), which governs jurisdiction of an appeal of right filed by an aggrieved party from a final order, does not carve out an exception for stipulated orders or consent judgments. *Sandoval*, __ Mich App at __ (O'BRIEN, J., dissenting); slip op at 4. The dissent examined early Michigan cases regarding consent judgments and concluded that caselaw did not specify that a party's agreement to a consent judgment divested appellate courts of jurisdiction to decide an appeal stemming from that judgment. *Id*. at __; slip op at 5. The dissent pointed out that, while several more recent cases acknowledge that an appeal by right is available from a consent judgment when a party has reserved the right to appeal, they did not stand for the opposite proposition—that an appeal is unavailable when a party has failed to reserve the right to appeal. *Id*. at __; slip op at 6. The dissent urged the adoption of a rule that would require courts to "consider what the party agreed to in the judgment or order and the injury that the party complains of on appeal." *Id*. at __; slip op at 7. As the dissenting judge reasoned, a party whose complained-of injury was unrelated to the consent judgment could be considered aggrieved and should not be barred from claiming an appeal by right, but that party could not seek review of issues related to the consent judgment to which it had stipulated. *Id*. at __; slip op at 7-9.

### C. APPLICATION

Considering *Sandoval* in the context of this case, the *Jaber I* Court first decided that plaintiff satisfied the "aggrieved party" requirement of MCR 7.203(A)(1):

In the present case, plaintiff was an aggrieved party from the underlying order granting summary disposition in P & P's favor. That is, plaintiff alleged an interest of a pecuniary nature in the outcome of the case and suffered a concrete and particularized injury from the trial court's ruling that P & P was entitled to be dismissed from the litigation, an injury not arising from the facts of the case. *Federated Ins Co* [*v Oakland Co Rd Comm'n*], 475 Mich 286, 291-292[; 715 NW2d 846 (2006)]. But, the litigation was not closed at that time and a final order was not entered because plaintiff's complaint also raised claims against Randall. After Randall was dismissed, plaintiff became entitled to pursue an appeal of right because this dismissal order was "the first judgment or order that dispose[d] of all the claims and adjudicate[d] the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order[.]" MCR 7.202(6)(a)(i). Applying the plain language of the court rule, *Tyler* [*v Findling*], 508 Mich 364, 370[; 972 NW2d 833 (2021)], plaintiff was an aggrieved party in light of the trial court's earlier adverse summary disposition decision,

*Federated Ins Co*, 475 Mich at 291-292, and plaintiff appealed from the final order that dismissed the remaining parties and closed the case. *Green* [*v Ziegleman*], 282 Mich App 292, 301 n 6[; 767 NW2d 660 (2009)]. [*Jaber I*, __ Mich App at __; slip op at 8.]

We agree that plaintiff was aggrieved by the order granting summary disposition to P & P. Plaintiff suffered "a concrete and particularized injury," *1373 Moulin, LLC v Wolf*, 341 Mich App 652, 658; 992 NW2d 314 (2022) (citation and quotation marks omitted), by the trial court's dismissal of P & P from this action. See *Federated Ins Co v Oakland Co Rd Comm'n*, 475 Mich 286, 292; 715 NW2d 846 (2006) (noting that "a litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case"). Plaintiff's grievance on appeal arose from the trial court's granting of summary disposition to P & P. Plaintiff remained aggrieved when the court entered the final order dismissing Randall.

In light of the fact that plaintiff was an aggrieved party, *Jaber I* concluded generally that she could appeal the trial court's grant of summary disposition to P & P. Indeed, P & P did not appear to dispute that plaintiff was aggrieved by the trial court's order granting its motion for summary disposition. The order granting summary disposition to P & P, however, was not appealable by right, as it did not resolve plaintiff's claims against Randall. The subsequent, stipulated order from which plaintiff appeals is a final order, as it was the first order that disposed of all of plaintiff's claims. The question is whether plaintiff could appeal by right from the stipulated final order, when she was aggrieved by the earlier summary disposition order, rather than the final, stipulated order.

The *Jaber I* Court analyzed whether *Sandoval* correctly determined that, to be appealable, a final, stipulated order must contain language reserving the right to appeal an earlier order. The Court observed the rules of construction regarding consent judgments, agreements regarding settlements, and stipulated orders, and concluded that generally courts construe such agreements in accordance with general contract law. *Jaber I*, __ Mich App at __; slip op at 11-12. The *Jaber I* Court cited with approval caselaw opining that parties should be " 'free to contract as they see fit' " and that " 'courts will enforce those agreements.' " *Id*. at __; slip op at 13, quoting *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51, 52; 664 NW2d 776 (2003). The Court then applied contract principles to the stipulated order in *Sandoval* and concluded that the order was open to only one interpretation given the clear and unambiguous language. The Court stated that it would not have required Zurich in *Sandoval* to include a reservation of rights to appeal the earlier decision granting summary disposition to Farmers because Farmers was not a party to the later, stipulated order. *Jaber I*, __ Mich App at __; slip op at 13.

The *Jaber I* Court also explained, in relevant part:

Further, there is no requirement in MCR 7.203(A), addressing our jurisdiction, that challenges to orders entered before a final order be preserved by reservation. We would not impose a condition that a reservation of rights or other "magical" language[10] controls our jurisdiction over a case, particularly where it is absent from our court rules and not found in the parties' contractual agreement.

[10] For example, see *Faircloth v Family Independence Agency*, 232 Mich App 391, 400-401; 591 NW2d 314 (1998), and *McCarthy & Assoc, Inc v Washburn*, 194 Mich App 676, 680; 488 NW2d 785 (1992), where this Court cautioned that the language or identification of an order as "final" was not dispositive, and an examination of the order and parties should occur to determine appellate jurisdiction. ("Mere certification, however, does not resolve whether an order is actually 'final.' " *Faircloth*, 232 Mich App at 401 (citation omitted).)

[*Jaber I*, __ Mich App at __; slip op at 14.]

The *Jaber I* Court did not agree with *Sandoval* that Zurich was obliged to have included a reservation of the right to appeal in the stipulated order. The Court concluded that, despite the stipulation, Zurich remained an "aggrieved party" under the earlier summary disposition order. The *Jaber I* Court was troubled by the fact that a dismissed party like Farmers could question the intent of the parties to the stipulation even though it was not a party to that stipulation. Further, the Court noted the potential for gamesmanship and concluded with disfavor that aggrieved parties might decline to agree to consent judgments or stipulated orders of dismissal as a result. *Id*. at __; slip op at 14-15.

Here, the above principles support that we need not dismiss plaintiff's appeal for lack of jurisdiction when she did not include a reservation of rights to appeal the earlier grant of summary disposition in P & P's favor. P & P was not a party to the stipulation to dismiss agreed to by the aggrieved party (plaintiff) and Randall. As a nonparty to that agreement, P & P should not be permitted to dictate that plaintiff was required to include a reservation of the right to appeal the earlier ruling in P & P's favor. Additionally, we note that parties are not authorized to stipulate to jurisdiction. See *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992) ("Parties cannot give a court jurisdiction by stipulation . . . ."). It follows that parties cannot stipulate to deprive a court of its lawful jurisdiction, especially when they are nonparties to the stipulation.

We agree that a reservation of rights in a stipulated order is helpful, as it indicates that a party intends to challenge an earlier ruling. Simply put, a reservation of the right to appeal gives notice to the other parties. As noted by JUDGE O'BRIEN in the *Sandoval* dissent, a reservation "signals that the party is consenting to the judgment but not to the trial court's actions that the party seeks to contest on appeal." *Sandoval*, __ Mich App at ___ (O'BRIEN, J. dissenting); slip op at 7. A reservation also serves as an indicator, in the initial review of this Court's jurisdiction over a claim of appeal, that the party did not consent to the issue sought to be appealed. Nevertheless, even if a right to appeal is not reserved, the appellant's arguments on appeal will reflect whether the issues appealed relate to the stipulated order itself, which should be precluded, or to an earlier interlocutory order as to another party, which should not be precluded.

We also note that, once such a matter is before a panel, this Court may "exercise [its] discretion to treat [a] claim of appeal as a granted application for leave to appeal" for reasons of judicial economy. *Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 61; 807 NW2d 354 (2011). We observe that this Court has treated a portion of a claim of appeal as a granted application for leave to appeal when considering a challenge to subject-matter jurisdiction, even when the parties to a consent judgment were the same as those affected by an earlier interlocutory order. See *New Covert Generating Co LLC v Twp of Covert*, 334 Mich App 24, 47; 964 NW2d 378 (2020) (ruling that "[t]o the extent that the Township and the County have impliedly challenged the consent judgment by arguing that the Tax Tribunal should not have

-10-

denied their motions for summary disposition, this Court treats the case as if leave to appeal had been granted."). See also, *J S Evangelista Dev LLC v APCO Inc*, unpublished per curiam opinion of the Court of Appeals, issued February 16, 2023 (Docket No. 357789), in which the plaintiff stipulated to the dismissal order and apparently did not reserve a right to appeal an earlier order. This Court stated, in relevant part:

> [B]ecause the trial court had already resolved plaintiff's claims in its June 3, 2021 order, there were no remaining issues to be resolved by entry of the stipulated order of dismissal. Plaintiff clearly was aggrieved by the entry of June 3 order, see *Matthew R Abel, PC v Grossman Investments Co*, 302 Mich App 232, 241; 838 NW2d 204 (2013) (a party is aggrieved for purposes of appeal when it has suffered a concrete and particularized injury), and plaintiff properly may be considered an aggrieved party for purposes of this appeal. Further, even if this Court lacked jurisdiction as of right, we would exercise our discretion to treat plaintiff's claim of appeal as an application for leave to appeal and consider plaintiff's arguments as on leave granted. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012). [*J S Evangelista*, unpub op at 1 n 1.]

Here, the March 2022 order sought to be appealed was entered more than six months before the filing of the claim of appeal. We refuse to endorse a scenario in which a party could delay the entry of a final stipulated order for more than six months solely to potentially cause to be untimely any discretionary treatment of the claim of appeal as an application for leave to appeal an earlier order. See MCR 7.205(A)(4)(a) (requiring that a delayed application be filed within six months of the entry of the order appealed). Rather than relying on the Court's discretion to grant leave, or to treat the case as if leave had been granted, we believe that a clear rule should be established for this circumstance.

We thus decline to leave plaintiff without a remedy because she did not specifically assert this Court's jurisdiction through an express reservation of rights. That result would be particularly untenable in circumstances in which a plaintiff dismissed a defendant with the intent to claim an appeal of the earlier order. Additionally, it is undisputed in this case that plaintiff could have claimed an appeal by right had she reserved the right to do so in the stipulated order. See *Travelers Ins*, 456 Mich at 937. Therefore, we hold that this Court has jurisdiction over this appeal with respect to the earlier summary disposition order.

To the extent that a party appeals a stipulated order, we acknowledge the long-established rule that a party cannot stipulate to a matter and then complain on appeal about the stipulated matter. *Weiss v Hodge (After Remand)*, 223 Mich App 620, 636; 567 NW2d 468 (1997). But plaintiff is not asserting error in the stipulated order; rather, plaintiff contends that the error was inherent in the earlier order granting summary disposition to P & P. Our decision that jurisdiction exists here therefore does not run afoul of the principle stated in *Weiss*.

In sum, we reject the notion that the failure to add reservation language to a stipulated order in these circumstances should operate as a trap for the unwary and bar appellate jurisdiction. After convening this special panel, we adopt the position advocated by the *Jaber I* Court and hold that an aggrieved party may raise on appeal issues arising from an earlier order relating to one party

-11-

even if a later, stipulated final order of dismissal as to another party does not contain a reservation of the right to claim an appeal from the earlier order.

## IV. THE MERITS OF PLAINTIFF'S APPEAL

Turning now to the merits of this appeal, plaintiff argues that the trial court erred by granting summary disposition to P & P on her negligence claims on the basis that the DSA was her exclusive remedy. We agree.

By way of background, in addition to her negligence claims, plaintiff claimed a violation of the DSA, which is part of the Michigan Liquor Control Act, MCL 436.1 *et seq*., and was intended "to discourage bars from selling intoxicating beverages to minors or visibly intoxicated persons and to provide for recovery under certain circumstances by those injured as a result of the illegal sale of intoxicating liquor." *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 611-612; 321 NW2d 668 (1982). To meet the requirements of a claim under the DSA, plaintiff must show that P & P gave alcohol to Randall, that Randall was visibly intoxicated when he received the alcohol, and that Randall then caused plaintiff's injury.[6] In other words, plaintiff must show that P & P's conduct caused or contributed to Randall's intoxication and therefore was a proximate cause of her injuries.[7] Our Supreme Court has held that a plaintiff must present evidence showing actual visible intoxication to establish the "visible intoxication" required by the statute. *Reed v Breton*, 475 Mich 531, 542-543; 718 NW2d 770 (2006). As plaintiff admits on appeal, she did not present evidence regarding the service of intoxicating liquor to Randall and did not challenge the dismissal of her dramshop claim. See *Jaber I*, __Mich App at __; slip op at 16 n 13. Plaintiff's dramshop claim thus is not at issue here.

Plaintiff instead maintains that the trial court erred by ruling that the exclusive remedy provision of the DSA bars her negligence claims, including, specifically, that P & P negligently

---

[6] See *Walling v Allstate Ins Co*, 183 Mich App 731, 738-739; 455 NW2d 736 (1990), setting forth the requirements of an action under the DSA. See also MCL 436.1801(2), which provides in relevant part: "(2) Except as otherwise provided in this section, an individual who suffers damage or who is personally injured by a minor or visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of alcoholic liquor to the minor or visibly intoxicated person, if the unlawful sale is proven to be a proximate cause of the damage, injury, or death, or the spouse, child, parent, or guardian of that individual, shall have a right of action in his or her name against the person who by selling, giving, or furnishing the alcoholic liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the damage, injury, or death. . . ."

[7] See *Auto-Owners Ins Co v Seils*, 310 Mich App 132, 156; 871 NW2d 530 (2015) (addressing the requisite proximate cause element in a dramshop action).

trained and supervised its employees.[8]  We hold that in so ruling, the trial court erred.[9]  And we thus again agree with the Court in *Jaber I*.

The DSA "provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of alcoholic liquor to a[n] . . . intoxicated person." MCL 436.1801(9).  Before the enactment of the DSA, a tavern owner was not liable under the common law for injuries by or to a customer to whom the tavern furnished alcoholic beverages, who became intoxicated, and whose intoxication caused the injuries.  See *Jackson v PKM Corp*, 430 Mich 262, 266; 422 NW2d 657 (1988).  The dramshop act countered nonliability in the common law; it was designed to be "a complete and self-contained solution to a problem not adequately addressed at common law and the exclusive remedy for any action arising under 'dramshop related facts.' "  *Id*. at 274-275 (quotation marks and citation omitted).  But the dramshop act does not abrogate or control common-law actions and therefore it does not bar a claim that "arises out of conduct other than selling, giving away, or furnishing of intoxicants . . . ." *Jackson*, 430 Mich at 276 (quotation marks and citation omitted).

Courts apply a two-part analysis to determine if the DSA's exclusive remedy provision precludes a claim:

> (1) Does the claim against "the tavern owner" arise out of an unlawful sale, giving away, or furnishing of intoxicants?  If so, the dramshop act is the exclusive remedy.
>
> (2) If the claim arises out of conduct other than selling, giving away, or furnishing of intoxicants, does the common law recognize a cause of action for the negligent conduct?  If so, then the dramshop act neither abrogates nor controls the common law.  [*Id*. at 276-277 (quoting *Manuel v Weitzman*, 386 Mich 157, 163; 191 NW2d 474 (1971), overruled in part on other grounds in *Brewer v Payless Stations, Inc*, 412 Mich 673; 316 NW2d 702 (1982)).]

---

[8] In her complaint, plaintiff alleged two counts of negligence against P & P.  Count I was labeled "Negligence" and Count II was labeled "Negligent Hiring, Training, and Supervision."  Neither count delineates with particularity the specific conduct challenged or the precise boundaries of the claim.  Yet, Count II (unlike Count I) clearly relates on its face to the actions taken by Nicholas Dean and P & P's alleged failure to properly hire, train, and supervise its employees, including Dean.  However, plaintiff clarifies in her brief on appeal that "[t]he claims set forth by the plaintiff in Counts I and II herein do not arise out of the selling of alcoholic liquor, but rather arise out of the negligence of defendant's general manager, Nicholas Dean, as well as the direct negligence of defendant in improperly hiring, training and supervising defendant's employees."  Our holding is thus premised on plaintiff's acknowledgement that Counts I and II do not arise out of the selling, giving, or furnishing of alcoholic liquor, and plaintiff's complaint should be so construed on remand.

[9] We do not address the other arguments raised by P & P in its motion for summary disposition because the trial court did not rule on them in the first instance.

We previously have recognized that the DSA does not preclude a common-law cause of action merely because a connection exists between the common-law action and the furnishing of alcohol. Instead, courts should consider "whether the situation is one in which there is a recognized duty at common law," *Millross v Plum Hollow Golf Club*, 429 Mich 178, 193; 413 NW2d 17 (1987), or, stated differently, "whether the actor was under any obligation to exercise reasonable care under the circumstances[.]" *Lowe v Estate Motors Ltd*, 428 Mich 439, 463; 410 NW2d 706 (1987).

As a result, the common-law duty alleged to have been breached "must arise from something other than the unlawful furnishing of alcohol," even if the claim's factual basis does not. *Madejski v Kotmar Ltd*, 246 Mich App 441, 446-448; 633 NW2d 429 (2001). When the plaintiff pleads a proper common-law claim, arising from something other than the unlawful furnishing of alcohol, "then summary disposition is improper even though the factual basis of the claim involves the unlawful furnishing of alcohol." *Id*.

As plaintiff as clarified in her brief on appeal, she alleged that her negligence claims arose out of Dean's conduct in carrying Randall from the establishment and tossing Randall into her. Plaintiff does not allege that her injuries were the direct result of Randall's intoxication—she does not allege that P & P's selling, giving away, or furnishing of intoxicants to Randall was the proximate cause of her injuries; rather, she alleges that Dean caused her injuries. Stated differently, the furnishing of alcohol was to Randall, not to Dean, and it is Dean who plaintiff alleges was negligent and whom plaintiff claims P & P improperly trained and supervised.

An employer can be held vicariously liable for the wrongful acts of its employees that are committed while performing some duty within the scope of their employment. *Hamed v Wayne Co*, 490 Mich 1, 10-11; 803 NW2d 237 (2011). See also *Mueller v Brannigan Bros Restaurants & Taverns LLC*, 323 Mich App 566, 572; 918 NW2d 545 (2018). Additionally, the common law recognizes a duty premised on negligent hiring, training, and supervision. See *id*. at 447. Again, employers can be found liable for "their negligence in hiring, training, and supervising their employees." *Zsigo v Hurley Med Ctr*, 475 Mich 215, 227; 716 NW2d 220 (2006).

Consequently, we hold that the trial court erred by determining that summary disposition was proper under the DSA's exclusive remedy provision regarding plaintiff's common-law negligence claims. P & P was not entitled to summary disposition on those claims based on the exclusive remedy provision of the DSA.[10]

---

[10] As noted, and as also noted in *Jaber I*, __ Mich App at __ n 14; slip op at 16 n 13, Count I and Count II of plaintiff's complaint refer to the service of "great quantities of intoxicating beverages" to Randall. In light of our analysis, the trial court on remand should direct plaintiff to correct those allegations to dissociate the service of alcohol to Randall from the alleged negligence.

Reversed in part and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ /Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Michelle M. Rick
/s/ Sima G. Patel
/s/ Adrienne N. Young